530 new

FILED

MHP

1    <u>PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>

2    Name  XAVIER          GARY          R.
     _____(Last)_____(First)_____(Initial)

3    Prisoner Number  J. 20637

4

5    Institutional Address  SALINAS VALLEY STATE PRISON
     1050
     P.O. BOX 1050 / D9-115,   SOLEDAD, CA. 93960-1050

6    _____
7    UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF CALIFORNIA

8    GARY RAYMOND XAVIER
     (Enter the full name of plaintiff in this action.)

9                                              CV 08        3299

10                    vs.                      Case No. _____
                                               (To be provided by the clerk of court)

11   MIKE EVANS, WARDEN
                                               **PETITION FOR A WRIT
12            AND                              OF HABEAS CORPUS**  (PR)

13   EDMUND G BROWN JR., THE ATTOR-
     NEY GENERAL OF CALIFORNIA (ADDITIONAL RESPONDENT).
14   (Enter the full name of respondent(s) or jailor in this action)

15   ════════════════════════════════════════════════

16                  <u>Read Comments Carefully Before Filling In</u>

17   <u>When and Where to File</u>

18          You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23          If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located.  If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined.  Habeas L.R. 2254-3(b).

1    Who to Name as Respondent

2         You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6         If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now and the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1. What sentence are you challenging in this petition?

12             (a)   Name and location of court that imposed sentence (for example; Alameda

13                   County Superior Court, Oakland):

14        _SAN FRANCISCO SUPERIOR COURT_      _SAN FRANCISCO, CA. 94103_

15             Court                          Location

16             (b)   Case number, if known _SCN # 177095 / MCN # 1128383_
                                            _JUNE 11, 2002_

17             (c)   Date and terms of sentence _20 YEARS WITH 80% SERVED_

18             (d)   Are you now in custody serving this term? (Custody means being in jail, on

19                   parole or probation, etc.)          Yes _✓_    No ____

20             Where? _SALINAS VALLEY STATE PRISON, SOLEDAD, CA. 93960-1050_

21             Name of Institution: _SALINAS VALLEY STATE PRISON_
                   _P.O. BOX 3030 /D9-118_
22             Address: _SOLEDAD, CA  93960-1050_

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)
     _COUNT 001, P.C. 212.5 (C), ROBBERY SECOND DEGREE; COUNT 004, P.C. 212.5 (C)-ROBBERY SECOND_
26   _DEGREE; COUNT 005, P.C. 212.5 (C) - ROBBERY SECOND DEGREE; COUNT 006, P.C. 212.5 (C) ROBBERY_
     _SECOND DEGREE; COUNT 007, P.C. 212.5 (C), ROBBERY SECOND DEGREE; COUNT 006, P.C. 12022 (b)(1);_
27   _COUNT 007, P.C. 12022 (b)(1); P.C. 667 (a)(E), 5-YR.; P.C. 667 (a)(E), 1-YR.; P.C. 667 (b)(E), 1-YR.;_
     _P.C. 667 (b)(E), 1-YR.; P.C. 667 (a)(E), 1-YR._

28

1  3. Did you have any of the following?

2      Arraignment:                           Yes _✓_    No ____

3      Preliminary Hearing:                   Yes _✓_    No ____

4      Motion to Suppress: UNSURE?            Yes ____    No ____

5  4. How did you plead?
                  / PLEA BARGAIN ARRANGEMENT.
6      Guilty _✓_    Not Guilty ____    Nolo Contendere ____

7      Any other plea (specify) _____

8  5. If you went to trial, what kind of trial did you have?  N/A

9      Jury ____    Judge alone ____    Judge alone on a transcript ____

10  6. Did you testify at your trial?  N/A            Yes ____    No ____

11  7. Did you have an attorney at the following proceedings:

12      (a)    Arraignment                   Yes _✓_    No ____

13      (b)    Preliminary hearing           Yes _✓_    No ____

14      (c)    Time of plea                  Yes _✓_    No ____

15      (d)    Trial  N/A                    Yes ____    No ____

16      (e)    Sentencing                    Yes _✓_    No ____

17      (f)    Appeal                        Yes ____    No _✓_

18      (g)    Other post-conviction proceeding   Yes ____   No _✓_

19  8. Did you appeal your conviction?              Yes ____    No _✓_

20      (a)    If you did, to what court(s) did you appeal?

21             Court of Appeal               Yes ____    No _✓_

22             Year: _____    Result: _____

23             Supreme Court of California   Yes ____    No _✓_

24             Year: _____    Result: _____

25             Any other court               Yes ____    No _✓_

26             Year: _____    Result: _____

27

28      (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

1        petition?   N/A           Yes _____    No_____

2       (c)    Was there an opinion?   N/A     Yes _____    No ✓

3       (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                            Yes _____    No ✓

5           If you did, give the name of the court and the result:

6              N/A

7

8 9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9 this conviction in any court, state or federal?        Yes ✓    No_____

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition. You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15 U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17            questions for each proceeding. Attach extra paper if you need more space.

18       I.    Name of Court:   SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

19           Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

20           Grounds raised (Be brief but specific): WRIT NO. 5582

21           a. SENTENCING COURT VIOLATED PETITIONERS 6th AMENDMENT UNITED STATES CONSTITUTIONAL RIGHT TO TRIAL BY JURY.

22           b. SENTENCING COURT VIOLATED PETITIONERS DUE PROCESS CLAUSE OF THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTIONAL RIGHT TO TRIAL BY JURY.

23           c._____

24           d._____

25           Result: DENIED          Date of Result: 6·17·07

26       II.    Name of Court: FIRST DISTRICT COURT OF APPEAL SAN FRANCISCO, CA 94102-4712

27           Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

28           Grounds raised (Be brief but specific): WRIT NO. A119067

SENTENCING COURT VIOLATED PETITIONERS 6th AMENDMENT

a. UNITED STATES CONSTITUTIONAL RIGHT TO TRIAL BY JURY.

SENTENCING COURT VIOLATED PETITIONERS DUE PROCESS CLAUSE
b. OF THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTIONAL
RIGHT TO TRIAL BY JURY.

c.

d.

Result: _DENIED_    Date of Result: _7·17·07_

III. Name of Court: SUPREME COURT OF CALIFORNIA
SAN FRANCISCO, CA  94102

Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

Grounds raised (Be brief but specific): WRIT NO.  S157563

A VIOLATION OF PETITIONERS FEDERAL CONSTITUTIONAL RIGHTS
a. TO PROOF BEYOND A REASONABLE DOUBT AND A JURY TRIAL
ACCORDING TO THE UNITED STATES CONSTITUTIONAL AMENDMENTS
b. FIVE, SIX, AND FOURTEEN.

c.

d.

Result: _DENIED_    Date of Result: _5·16·08_

IV. Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a.

b.

c.

d.

Result: _____  Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No _✓_

Name and location of court: _N/A_

**B. GROUNDS FOR RELIEF**

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

*MR. XAVIER'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY THE*

5  Claim One: COURTS FAILURE TO ALLOW A JURY TO DECIDE ON AGG-
RAVATING FACTOR(S). THE AGGRAVATING FACTOR(S) FOUND BY THE COURT

6  WERE NEITHER ADMITTED BY THE PLAINTIFF NOR FOUND BY A JURY.

7  Supporting Facts: IMPOSITION OF THE AGGRAVATED TERM ON COUNT

8  001 IN THIS MATTER WAS UNLAWFUL AND VIOLATED PET-

9  ITIONER'S FEDERAL CONSTITUTIONAL RIGHTS TO PROOF

10  BEYOND A REASONABLE DOUBT AND A JURY TRIAL (UNITED
*SEE FOLLOWING PAGE* ) ⟶

11  Claim Two:  N/A

12

13  Supporting Facts:  N/A

14

15

16

17  Claim Three:  N/A

18

19  Supporting Facts:  N/A

20

21

22

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25      N/A - ALL GROUNDS WERE PREVIOUSLY PRESENTED

26      TO LOWER COURTS.

27

28

PET. FOR WRIT OF HAB. CORPUS      - 6 -

✳ SUPPORTING FACTS CONTINUED ✳

1. STATES CONSTITUTIONAL AMENDMENTS, FIVE, SIX, AND FOURTEEN).

2. THE AGGRAVATING FACTOR(S) FOUND BY THE COURT WERE NEITHER

3. ADMITTED BY PETITIONER NOR FOUND BY A JURY.

4.        EXHAUSTION OF CLAIM : THIS CLAIM WAS PRESENTED

5. TO THE CALIFORNIA SUPREME COURT AS GROUND 2 IN THE

6. PETITION FOR WRIT OF HABEAS CORPUS (CASE # S 157563).

7.      ON 6·11·02, DURING SENTENCING, JUDGE MOSCONE OF THE SUP-

ERIOR COURT OF SAN FRANCISCO (DEPT. 23) SENTENCED PETIT-

9. IONER TO 5·YEARS FOR 2nd DEGREE ROBBERY ($212.5 (c)$) ON

10. COUNT 001 WITHOUT ALLOWING A JURY TO DECIDE THE

11. FACTS THAT MAY OR MAY NOT HAVE INCREASED THE SENT-

12. ENCE (SEE ATTACHED EXHIBIT - A, "ABSTRACT OF JUDGEMENT").

13. THEREFORE VIOLATING PETITIONERS RIGHTS TO PROOF BEYOND

14. A REASONABLE DOUBT AND A JURY TRIAL WHICH IS SAFE-

15. GUARDED BY THE 5th, 6th, AND 14th AMENDMENTS TO THE

16. UNITED STATES CONSTITUTION.

17.      THE SENTENCING COURT IN THIS MATTER IMPOSED THE

18. AGGRAVATED TERM OF 5·YEARS FOR PLAINTIFF'S CONVICTION

19. ON COUNT 001. PLAINTIFF SUBMITS THAT THE IMPOSITION

20. OF THE AGGRAVATED TERM VIOLATED HIS FEDERAL CONSTITUTION-

21. AL RIGHTS TO JURY TRIAL AND PROOF BEYOND A REASONABLE

22. DOUBT BECAUSE AGGRAVATING FACTOR(S) WERE NOT SUBMITTED

23. TO A JURY. IN MAKING THIS CLAIM, PLAINTIFF IS

24. COGNIZANT OF THE FACT THAT THE CALIFORNIA SUPREME

25. COURT HAS REJECTED THIS ARGUMENT IN PEOPLE V. BLACK

26. (2005) 35 CAL. 4th 1238, PLAINTIFF CONTENDS THAT BLACK

27. WAS DECIDED INCORRECTLY AND RESPECTFULLY RAISES THIS

28. ISSUE IN ORDER TO PRESERVE AND EXHAUST THE QUESTION NEXT PAGE →

※ SUPPORTING FACTS CONTINUED ※

1. FOR FEDERAL REVIEW.

2.    ON JUNE 24th 2004, THE SUPREME COURT OF THE UNITED

3. STATES DECIDED *BLAKELY V. WASHINGTON* (2004) 540 U.S. — [124

4. S. Ct. 2531, 159 L. Ed. 2d. 403]. THE DECISION IN *BLAKELY*

5. RENDERS UNCONSTITUTIONAL PORTIONS OF THE CALIFORNIA DET-

6. ERMINATE SENTENCING SCHEME (HEREAFTER ABBREVIATED: D.S.L.),

7. INCLUDING THE PORTION OF PENAL CODE 1170, SUBDIVISION

8. (b) AUTHORIZING JUDGES TO MAKE FACTUAL FINDINGS IN

9. CONNECTION WITH *AGGRAVATING* FACTORS USED TO IMPOSE THE

10. AGGRAVATED TERM.

11.    PLAINTIFF THUS ENJOYS A FEDERAL CONSTITUTIONAL

12. RIGHT TO HAVE A JURY DETERMINE THE EXISTENCE OF ANY

13. FACT USED TO IMPOSE A SENTENCE GREATER THAN THE PRE-

14. SUMPTIVE MIDDLE TERM UNDER CALIFORNIAS DETERMINATE

15. SENTENCING LAW. AS DISCUSSED MORE FULLY BELOW, THAT

16. RIGHT IS NOT IN ANY WAY DIMINISHED BY THE FACT

17. THAT THE FACTOR(S) IN AGGRAVATION RELIED UPON BY THE

18. SENTENCING COURT ARGUABLY INCLUDED DIFFERENT ELEMENTS.

19.    A. PLAINTIFF HAD A FEDERAL CONSTITUTIONAL RIGHT TO

20. A JURY TRIAL AND PROOF BEYOND A REASONABLE DOUBT, WITH

21. RESPECT TO FACTS UNDERLYING THE AGGRAVATING FACTORS USED TO

22. IMPOSE THE UPPER TERM.

23.    IN THE SEMINAL CASE OF *APPRENDI V. NEW JERSEY* (2000)

24. 530 U.S. 466, THE SUPREME COURT OF THE UNITED STATES

25. HELD THAT THERE IS A FEDERAL CONSTITUTIONAL RIGHT TO A

26. JURY TRIAL AND PROOF BEYOND A REASONABLE DOUBT "FOR

27. ANY FACT (OTHER THAN PRIOR CONVICTION) THAT INCREASES THE

28. MAXIMUM PENALTY FOR A CRIME." APPRENDI, 530 U.S. (SEE NEXT PAGE)→

＊ SUPPORTING FACTS CONTINUED ＊

1. AT P. 476, QUOTING <u>JONES V. UNITED STATES</u> (1999) 526 U.S. 227,
2. 243, fn. 6 [119 S. Ct. 1215, 143 L. Ed. 2d 311]. IN LIGHT OF
3. <u>BLAKELY,</u> IT IS NOW APPARENT THAT THERE IS A FEDERAL
4. CONSTITUTIONAL RIGHT TO A JURY TRIAL, AND PROOF BEYOND A
5. REASONABLE DOUBT, ON NON-RECIDIVIST AGGRAVATING FACTORS
6. USED TO IMPOSE THE UPPER TERM UNDER THE D.S.L.
7.    IN <u>APPRENDI,</u> THE COURT HELD THAT THE DEFENDANT HAD
8. A CONSTITUTIONAL RIGHT TO A JURY TRIAL, ON THE FACTUAL
9. FINDINGS UNDERLYING THE NEW JERSEY HATE CRIME ENHANCE-
10. MENT APPLIED TO HIS SENTENCE. THAT ENHANCEMENT RAISED
11. THE MAXIMUM POSSIBLE SENTENCE FROM 10 YEARS TO 20-
12. YEARS UPON A FINDING THAT THE OFFENSE WAS COMMITTED
13. WITH THE INTENT TO INTIMIDATE BECAUSE OF THE VICTIMS
14. RACE, COLOR, GENDER, HANDICAP AND VARIOUS OTHER STATUTES. (Ed.
15. AT PP. 468-469). TWO YEARS LATER IN <u>RING V. ARIZONA</u> (2002)
16. 536 U.S. 584, 592-593 AND n.1 [22 S. Ct. 2428, 153 L. Ed. 2d.
17. 556], THE COURT APPLIED <u>APPRENDI</u> TO AN ARIZONA LAW AUTH-
18. ORIZING THE DEATH PENALTY IF THE JUDGE FOUND ONE OF 10 (TEN)
19. AGGRAVATING FACTORS. (<u>BLAKELY</u> V. <u>WASHINGTON</u>, SUPRA, 540 U.S.—
20. [24 S. Ct. AT P. 2537, 159 L. Ed. 2d. 403]. THAT SAME TERM, THE
21. COURT HELD THAT THERE IS NO CONSTITUTIONAL RIGHT TO A
22. JURY TRIAL ON A FACT USED TO ESTABLISH A MINIMUM
23. MANDATORY SENTENCE (<u>HARRIS V. UNITED STATES</u> (2002) 536 U.S.
24. 545, 563 [22 S. Ct. 2406]).
25.    IN <u>APPRENDI</u> AND IN <u>RING</u>, THE COURT CONCLUDED THAT
26. THE DEFENDANTS CONSTITUTIONAL RIGHTS WERE VIOLATED
27. BECAUSE THE JUDGE IMPOSED A SENTENCE GREATER THAN THE
28. MAXIMUM AVAILABLE UNDER STATE LAW (SEE NEXT PAGE)——→

✳ SUPPORTING FACTS CONTINUED ✳

1. WITHOUT THE CHALLENGED FACTUAL FINDING (BLAKELY, SUPRA,
2. 540 U.S. — AT [124 S. Ct. AT P. 2536; 159 L. Ed. 403], CITING
3. APPRENDI, 530 U.S. AT PP. 491-497, RING 536 U.S. AT PP. 603-
4. 609.)

5.    IN APPLYING THESE PRECEDENTS TO THE STATE SENTENCING
6. GUIDELINES AT ISSUE IN BLAKELY, THE COURT CLARIFIED THAT
7. THE STATUTORY MAXIMUM FOR APPRENDI PURPOSES IS THE
8. MAXIMUM SENTENCE A JUDGE MAY IMPOSE SOLELY ON THE BASIS
9. OF THE FACTS REFLECTED IN THE JURY VERDICT OR ADMITTED
10. BY THE DEFENDANT. (Id., CITING RING, HARRIS AND APPRENDI.)
11. STATED ANOTHER WAY, THE RELEVANT STATUTORY MAXIMUM IS
12. NOT THE MAXIMUM SENTENCE A JUDGE MAY IMPOSE AFTER
13. FINDING ADDITIONAL FACTS BUT THE MAXIMUM HE MAY IM-
14. POSE WITHOUT ANY ADDITIONAL FINDINGS (Id.)

15.    B. THE STATUTORY MAXIMUM IS THE MIDDLE TERM
16. UNDER THE CALIFORNIA DETERMINATE SENTENCING LAW.

17.    UNDER THE D.S.L., THE MAXIMUM SENTENCE A JUDGE MAY
18. IMPOSE WITHOUT ANY ADDITIONAL FINDINGS IS THE MID-
19. DLE TERM WHEN A JUDGEMENT OF IMPRISONMENT IS TO
20. BE IMPOSED AND THE STATUTE SPECIFIES 3 POSSIBLE TERMS,
21. THE COURT SHALL ORDER IMPOSITION OF THE MIDDLE TERM,
22. UNLESS THERE ARE CIRCUMSTANCES IN AGGRAVATION OR MIT-
23. IGATION OF THE CRIME. (PEN. CODE 1170, SUBD.(b), EMPHASIS
24. ADDED; SEE ALSO RULE 4.420, SUBDS.(a) AND (b), C.R.C.; Cf.,
25. e.g., PEOPLE V. PICERO (1987) 195 CAL. APP. 3d. 1353, 1360.) BECAUSE
26. THE MAXIMUM TERM WITHOUT FINDINGS IN AGGRAVATION IS
27. THE MIDDLE TERM, THE AGGRAVATED TERM MAY NOT BE IMPOSED
28. WHERE, AS IN THIS CASE, THE AGGRAVATING FACTORS WERE (NEXT PAGE) →

✳ SUPPORTING FACTS CONTINUED ✳

1. NEITHER ADMITTED BY THE DEFENDANT NOR FOUND BY A JURY

2. (PLAINTIFF DOES NOT CONTEND, FOR PURPOSES OF THIS ARGUMENT,

3. THAT HE IS ENTITLED TO A JURY TRIAL AND PROOF BEYOND A

4. REASONABLE DOUBT, ON MITIGATING FACTORS UNDER PENAL CODE

5. SECTION 1170, SUBDIVISION (b)).

6.    IT MAY COME AS A SURPRISE THAT THERE IS A CONSTIT-

7. UTIONAL RIGHT TO A JURY TRIAL FOR AGGRAVATING FACTOR

8. FACT FINDING. BUT BLAKELY ITSELF WAS A SURPRISE, AND

9. THE COURT MADE CLEAR THAT APPRENDI IDENTIFIED A BRIGHT-

10. LINE RULE AND THE COURT REJECTED THE NOTION THAT THE

11. JURY TRIAL RIGHT SHOULD DEPEND ON SOME ASSESSMENT

12. OF THE DEGREE OF JUDICIAL FACT FINDING IN THE SEN-

13. TENCING PROCESS, SUCH AS WHETHER THE STATUTORY SCHEME

14. WENT TOO FAR OR ALLOWED THE TAIL TO WAG THE DOG.

15. (BLAKELY, SUPRA, 540 U.S. AT — /124 S. Ct. AT P. 2540; 159 L. Ed. 403.)

16. AS APPRENDI HELD, EVERY DEFENDANT HAS THE RIGHT TO INSIST

17. THAT THE PROSECUTOR PROVE TO A JURY ALL THE FACTS LEGALLY

18. ESSENTIAL TO THE PUNISHMENT. (BLAKELY, SUPRA, 540 U.S. AT —

19. /124 S. Ct. AT 2543, 159 L. Ed. 403].) WHILE THE MAJORITY REJ-

20. ECTED THE NOTION THAT ITS HOLDING WOULD IMPERIL THE

21. VERY CONCEPT OF DETERMINATE SENTENCING, THE OPINION IM-

22. PLIES THAT, TO PASS MUSTER, A DETERMINATE SENTENCING

23. SCHEME MUST RELY UPON JURY FACT FINDING.

24.    DETERMINATE JUDICIAL FACT-FINDING SCHEMES ENTAIL

25. LESS JUDICIAL POWER THAN INDETERMINATE SCHEMES, BUT

26. MORE JUDICIAL POWER THAN DETERMINATE JURY FACT-FIN-

27. DING SCHEMES. WHETHER APPRENDI INCREASES JUDICIAL

28. POWER OVERALL DEPENDS ON WHAT STATES (SEE NEXT PAGE) ⟶

✱ SUPPORTING FACTS CONTINUED ✱

1. WITH DETERMINATE JUDICIAL FACT-FINDING SCHEMES WOULD DO,
2. GIVEN THE CHOICE BETWEEN THE 2-ALTERNATIVES. (BLAKELY, SUPRA,
3. 540 U.S. AT - [124 S.Ct. AT 2541; 159 L.Ed. 403].)
4.     CALIFORNIA'S DUAL USE RULE UNDERSCORES THE NECESSITY OF
5. FINDING ADDITIONAL FACTS. A COURT CANNOT BASE AN AGGRAV-
6. ATED TERM ON A FACT THAT IS EITHER AN ELEMENT OF THE
7. UNDERLYING OFFENSE OR IS THE BASIS FOR AN ENHANCEMENT
8. PEN. CODE 1170, SUBD. (b); RULE 4.420, SUBDS. (C) AND (D), C.R.C.) IN
9. PLAINTIFFS CASE, SENTENCING COURT AGGRAVATED THE TERM ON
10. COUNT 001 AND ALSO ENHANCED PLAINTIFFS SENTENCE ON THE
11. SAME FACT(S). (UNDER PEN. CODE 12022 (b)(1) AND/OR PEN. CODE
12. 667 (a) (E)). THE AGGRAVATING CIRCUMSTANCES AUTHORIZING AN
13. UPPER TERM, THUS, ARE NECESSARILY FACTS BEYOND THOSE DETERM-
14. INED BY A GUILTY-PLEA. PUT ANOTHER WAY, WHERE THE ONLY
15. AGGRAVATING CIRCUMSTANCES ARE THOSE WHICH OVERLAP EITHER
16. THE OFFENSE OR ANY ENHANCEMENT, THE MIDDLE TERM IS THE
17. MAXIMUM SENTENCE A DEFENDANT MAY RECEIVE. IT IS ONLY A
18. FINDING OF SOME ADDITIONAL NON-OVERLAPPING AGGRAVATING
19. CIRCUMSTANCE THAT CAN EXPOSE A DEFENDANT TO AN UPPER-TERM.
20. THE JUDGE ACQUIRES THAT AUTHORITY (TO IMPOSE AN UPPER-TERM)
21. ONLY UPON FINDING SOME ADDITIONAL FACT. BLAKELY V. WASH-
22. INGTON, SUPRA, 540 U.S. - [124 S.Ct. 2538, 159 L.Ed. 2d. 403].
23. CONSEQUENTLY, UNDER THE SIXTH AMENDMENT REASONING OF BLAKELY
24. AND APPRENDI, A DEFENDANT IS ENTITLED TO JURY DETERMIN-
25. ATION OF ANY AGGRAVATING CIRCUMSTANCE USED TO IMPOSE
26. AN UPPER TERM. ADDITIONALLY, ANY SUCH FINDINGS MUST BE
27. SUBJECT TO A REASONABLE DOUBT STANDARD OF PROOF (BLAKELY,
28. SUPRA, 540 U.S. AT - [124 S.Ct. AT P.P. 2536 AND 2543; (SEE NEXT PAGE) ⟶

✳ SUPPORTING FACTS CONTINUED ✳

1. 159 L. Ed. 403), RATHER THAN THE PREPONDERANCE STANDARD, AS
2. CALIFORNIA LAW CURRENTLY PROVIDES (CAL. RULES OF COURT,
3. RULE 4.420, SUBD. (b)).

4.    C. THE FACT-FINDING USED TO IMPOSE THE UPPER-TERM
5. IS ANALOGOUS TO THE FACT-FINDING USED TO APPLY THE
6. EXCEPTIONAL SENTENCE IN BLAKELY.

7.    THE SIMILIARITY BETWEEN PETITIONERS CASE + BLAKELY
8. GOES BEYOND THE FACT THAT BOTH INVOLVED SENTENCES THAT
9. WERE AGGRAVATED ON THE BASIS OF SENTENCING HEARING FIND-
10. INGS. THE DETERMINATE SENTENCING LAW IN CALIFORNIA AND
11. THE SENTENCING GUIDELINES IN WASHINGTON, WHILE SUPER-
12. FICIALLY DISPARATE, BOTH UNCONSTITUTIONAL ALLOW JUDGES
13. TO IMPOSE SENTENCES ABOVE A STATUTORY MAXIMUM ON THE
14. BASIS OF FACTS NEITHER FOUND BY A JURY NOR ADMITTED
15. BY VIRTUE OF THE DEFENDANTS GUILTY-PLEA.

16.    IN BLAKELY, THE DEFENDANT PLEADED GUILTY TO SECOND-
17. DEGREE KIDNAPPING AND ALSO ADMITTED A FIREARM ENHANCE-
18. MENT. AS A CLASS "B" FELONY, SECOND-DEGREE KIDNAPPING
19. WAS SUBJECT TO AN ABSOLUTE MAXIMUM OF 10-YEARS BUT
20. THE STANDARD RANGE FOR SECOND-DEGREE KIDNAPPING WITH
21. A FIREARM WAS 49 TO 53 MONTHS. WASHINGTONS STATUTORY
22. LAW PROVIDED THAT A COURT COULD IMPOSE A SENTENCE GREATER
23. THAN THE STANDARD RANGE (BUT STILL WITHIN THE 10-YEAR
24. CAP) ONLY IF IT FOUND SUBSTANTIAL AND COMPELLING REA-
25. SONS JUSTIFYING AN EXCEPTIONAL SENTENCE. THE STATUTE
26. PROVIDED A NON-EXHAUSTIVE LIST OF AGGRAVATING FACTORS
27. THAT COULD JUSTIFY SUCH A DEPARTURE FROM THE STANDARD
28. RANGE. THE TRIAL COURT IMPOSED AN EXCEPTIONAL SENTENCE NEXT PAGE →

※ SUPPORTING FACTS CONTINUED ※

1. OF 90-MONTHS, 37-MONTHS ABOVE THE STANDARD RANGE, BASED
2. UPON THE JUDGES *FINDING THAT BLAKELY ACTED WITH DELIBERATE*
3. CRUELTY, ONE OF THE ENUMERATED AGGRAVATING FACTORS (BLAKELY, SUPRA,
4. 540 U.S. AT — [124 S.CT. AT PP. 2534-2435; 159 L.Ed. 403].)
5.      THE SUPREME COURT *HELD THAT THE TRIAL COURTS FINDING*
6. OF THAT AGGRAVATING *FACTOR* VIOLATED *APPRENDI'S* RULE ENTIT-
7. LING A DEFENDANT TO JURY DETERMINATION OF ANY FACT EX-
8. POSING A DEFENDANT TO GREATER PUNISHMENT THAN THE MAXIMUM
9. OTHERWISE ALLOWABLE FOR THE UNDERLYING OFFENSE. THE COURT
10. REJECTED THE STATES ASSERTION THAT THE RELEVANT MAXIMUM
11. WAS THE 10-YEAR CAP FOR A CLASS "B" FELONY. INSTEAD, THE
12. MAJORITY TREATED THE TOP END OF THE STANDARD RANGE (53-MON-
13. THS) AS THE RELEVANT STATUTORY MAXIMUM, BECAUSE THAT WAS
14. THE GREATEST SENTENCE *BLAKELY* COULD RECEIVE BASED SOLELY ON
15. THE FACTS ADMITTED BY HIS PLEA. (BLAKELY, SUPRA, 540 U.S.
16. AT — [124 S.Ct. AT PP. 2537-2538; 159 L.Ed. 403].)
17.      AS WITH THE STANDARD RANGE IN *BLAKELY*, THE MID-TERM
18. UNDER THE CALIFORNIA D.S.L. IS THE PRESUMPTIVE SENTENCE.
19. AS WITH THE EXCEPTIONAL SENTENCE IN *BLAKELY* A CALIFORNIA
20. COURT LACKS STATUTORY AUTHORITY TO IMPOSE AN UPPER TERM
21. UNLESS IT FINDS AGGRAVATING CIRCUMSTANCES BEYOND THE
22. ELEMENTS INHERENT IN THE OFFENSE ITSELF. (RULE 4.420,
23. SUBD. (d).) LIKE THE WASHINGTON STATUTES, THE CALIFORNIA
24. RULES PROVIDE A LIST OF ENUMERATED AGGRAVATING CIRCUMSTANCES
25. (RULE 4.421), BUT THE LIST IS NOT EXCLUSIVE AND A COURT MAY
26. RELY UPON A NON-ENUMERATED CIRCUMSTANCE REASONABLY RELATED
27. TO THE SENTENCING DECISION. (RULE 4.408 SUBD. (a); SEE e.g.
28. PEOPLE V. GARCIA (1989) 209 CAL. APP. 3d. 790, 794-795; (SEE NEXT PAGE) ⟶

✳ SUPPORTING FACTS CONTINUED ✳

1. COMPARE <u>BLAKELY</u>, SUPRA, 540 U.S. AT — /124 S. CT. AT PP. 2535, 159 L. Ed.

2. 403].) AS WITH THE WASHINGTON SCHEME, THE COURT MUST MAKE

3. EXPLICIT FACTUAL FINDINGS (PEN. CODE 1170, SUBD.(C); <u>CAL. RULES</u>

4. <u>OF CT</u>, RULE 4.420, SUBD. (e); COMPARE <u>BLAKELY</u>, SUPRA 540 U.S. AT—

5. /124 S. CT. AT PP. 2535; 159 L. Ed. 403].) THE PARALLELS BETWEEN

6. THIS CASE AND <u>BLAKELY</u> AFFIRM THAT THE <u>APPRENDI/BLAKELY</u>

7. DOCTRINE APPLIES TO THE CALIFORNIA DETERMINATE SENTENCING

8. SCHEME.

9.      D. RECEDIVISM BASED FACTORS AND <u>ALMENDAREZ-TORRES</u>.

10.      PETITIONER ANTICIPATES THAT RESPONDENT WILL CLAIM

11. THAT THE FACTOR IN AGGRAVATION RELIED UPON BY THE SENTEN-

12. CING COURT INVOLVES ELEMENTS OF RECIDIVISM AND IS THUS

13. EXCLUDED FROM THE HOLDING IN <u>BLAKELY</u>. ■ PLAINTIFF SUBMITS

14. THAT SUCH A CLAIM IS WRONG FOR NUMEROUS REASONS. FIRST,

15. <u>APPRENDI</u> AND <u>BLAKELY</u> DO NOT EXPRESSLY REACH THE ISSUE OF REC-

16. IDIVISM-BASED FACTORS IN AGGRAVATION. SECOND, THE CASE

17. WHICH IS GENERALLY REFERRED TO AS AUTHORITY FOR AN EX-

18. CLUSION FOR RECIDIVISM-BASED FACTORS, <u>ALMENDAREZ-TORRES</u>

19. <u>V. UNITED STATES</u> (1998) 523 U.S. 224 /118 S. CT 1219, 140 L. Ed. 2d.

20. 350], DID NOT REACH SUCH A CONCLUSION OTHER THAN IN DICTA.

21. THIRD, THE RULE COMMONLY ATTRIBUTED TO <u>ALMENDAREZ-TORRES</u>

22. NOW IS SUSPECT IN LIGHT OF SUBSEQUENT CASES (IN PLAINTIFFS

23. CASE, HE WAS CHARGED WITH NUMEROUS ENHANCEMENTS PERTAINING

24. TO PRIOR FELONY CONVICTIONS (P.C. 667 (D)(E)) FOR A TOTAL OF

25. NINE CONSECUTIVE YEARS ON COUNTS, 001, 004, 005, 006, AND 007,

26. FACTS UNDERLYING AN ENHANCEMENT CANNOT DO DOUBLE-DUTY; THEY

27. CANNOT BE USED TO IMPOSE AN UPPER-TERM, SENTENCE AND, ON TOP

28. OF THAT, AN ENHANCED TERM (SEE PEN. CODE 1170 (b)). (SEE NEXT PAGE) →

✳ SUPPORTING FACTS CONTINUED ✳

1. PLAINTIFF ACKNOWLEDGES THAT some CASES HAVE TAKEN A

2. BROAD AND EXPANSIVE VIEW OF WHAT, IF ANYTHING, _APPRENDI_

3. OMITTED FROM THE REQUIREMENT THAT FACTUAL INQUIRIES BE

4. SUBMITTED TO A JURY. THE CONVENTIONAL WISDOM SEEMS TO BE

5. THAT THE FACTS IN AGGRAVATION OF A SENTENCE CAN BE USED

6. WITHOUT SUBMISSION TO A JURY SO LONG AS THE FACTS ARE

7. "RECIDIVISM- BASED". SOME COURTS TAKE THE POSITION THAT

8. "RECIDIVISM - PLUS" FACTS SUCH AS "POOR PERFORMANCE ON PRO-

9. BATION OR PAROLE" NEED NOT BE SUBMITTED TO A TRIER OF

10. FACT. FOR THE REASONS DISCUSSED BELOW, PLAINTIFF SUB-

11. MITS THAT THE CONVENTIONAL WISDOM IS INCORRECT.

12. _APPRENDI_ AND _BLAKELY_ REQUIRE FACT-FINDING BY A JURY

13. BOTH FOR PURELY "RECIDIVISM- BASED" AND FOR "RECIDIVISM-

14. PLUS FACTS."

15. THE PRIMARY PROBLEM WITH THE "BROAD- VIEW" OF _APPRENDI_

16. IS THAT IT DEPENDS UPON THE CONTINUING VITALITY OF

17. _ALMENDAREZ- TORRES_. IN _PEOPLE V. THOMAS_ (2001) 91 CAL. APP.

18. 4ᵗʰ 212, THE COURT CONCLUDED THAT THE LANGUAGE IN _APPRENDI_

19. LIMITED THE REQUIREMENT TO THOSE FACTS "OTHER THAN THE

20. FACT OF A PRIOR CONVICTION." _THOMAS_ HELD THAT THE PORTION

21. OF _APPRENDI_ ADDRESSING THE LACK OF NEED TO PROVE PRIOR

22. CONVICTIONS TO A JURY "REFERS BROADLY TO RECIDIVISM EN-

23. HANCEMENTS." (_Id. AT P. 223.) _THOMAS_ BASED THAT EXPANSIVE

24. READING OF _APPRENDI_, IN PART, ON ITS CONCLUSION THAT

25. _APPRENDI_ DID NOT CHANGE OR OVERRULE THE DECISION OF

26. THE UNITED STATES SUPREME COURT IN _ALMENDAREZ- TORRES_.

27. (_Id. AT P. 220.)

28. A CAREFUL REVIEW OF THE CASES HANDED DOWN (SEE NEXT PAGE)→

✳ SUPPORTING FACTS CONTINUED ✳

1. SINCE <u>ALMENDAREZ-TORRES</u> DEMONSTRATES THAT THE EXPANSIVE
2. VIEW TAKEN BY MANY COURTS MUST BE RECONSIDERED AFTER
3. <u>BLAKELY</u>. WHILE IT IS TRUE THAT THE MAJORITY OPINION
4. IN <u>APPRENDI</u> DID NOT OVERRULE <u>ALMENDAREZ-TORRES</u>, IT
5. ALSO IS TRUE THAT THE MAJORITY EXPRESSLY AVOIDED THE
6. ISSUE AND CHARACTERIZED IT AS POSSIBLY BEING A 'NARROW
7. EXCEPTION" TO THE <u>RULE</u> ENUNCIATED IN <u>APPRENDI</u>. THE
8. DEFENDANT IN <u>APPRENDI</u> DID NOT CONTEST THE VALIDITY
9. OF <u>ALMENDAREZ-TORRES</u> AND THE MAJORITY OPINION DECLINED,
10. FOR THAT REASON, TO ADDRESS THE ISSUE NOTWITHSTANDING
11. IT'S ACKNOWLEDGEMENT THAT IT WAS ARGUABLE BOTH THAT
12. <u>ALMENDAREZ-TORRES</u> WAS INCORRECTLY DECIDED AND THAT
13. <u>APPRENDI</u> SHOULD APPLY TO "THE RECIDIVIST ISSUE."
14. (<u>APPRENDI V. NEW JERSEY</u>, SUPRA, 530 U.S. AT PP. 489-490.)
15.       IT IS ALSO WORTH NOTING THAT NO QUESTION CONCERN-
16. ING THE RIGHT TO A JURY TRIAL OR THE STANDARD OF PROOF
17. THAT WOULD APPLY TO A CONTESTED ISSUE OF FACT WAS BEFORE
18. THE COURT IN <u>ALMENDAREZ-TORRES</u>. <u>ALMENDAREZ-TORRES</u> DID
19. NOT ASSERT OR CONTEST THE DENIAL OF HIS RIGHT TO JURY
20. TRIAL IN ⬤ THE UNDERLYING PROCEEDING. HE INSTEAD ADMIT-
21. TED THAT HE HAD SUFFERED 3 PRIOR CONVICTIONS FOR AGG-
22. RAVATED FELONIES. ALL OF THOSE PRIOR CONVICTIONS OCCURRED
23. IN PROCEEDINGS WITH SUBSTANTIAL PROCEDURAL SAFEGUARDS.
24. (<u>APPRENDI V. NEW JERSEY</u>, SUPRA, 530 U.S. AT P. 488.) THE CON-
25. VENTIONAL INTERPRETATION OF <u>ALMENDAREZ-TORRES</u>, THAT
26. RECIDIVISM-BASED FACTS NEED NOT BE FOUND BY A JURY,
27. IS BASED ON AN ISSUE THAT WAS NOT CONTESTED IN THE
28. CASE AND WAS NOT GERMANE TO THE RESULT. (SEE NEXT PAGE) ⟶

\* SUPPORTING FACTS CONTINUED \*

1.    AN OPINION IS NOT AUTHORITY FOR A PROPOSITION NOT
2. CONSIDERED THEREIN. (PEOPLE V. SCHEID (1997) 16 CAL. 4th 1, 17,
3. PEOPLE V. TINDALL (2000) 24 CAL. 4th 767, 781; DEAUVILLE REST-
4. AURANT, INC. V. SUPERIOR COURT (TAYLOR) (2001) 90 CAL. APP. 4th
5. 843, 851.) THOMAS IS INCORRECT INSOFAR AS IT INDICATES
6. THAT ALMENDAREZ-TORRES INVOLVED A FACTUAL CIRCUMSTANCE
7. IN WHICH THERE WAS ■ BOTH A PRIOR CONVICTION PLUS ANOTHER
8. FACT. (PEOPLE V. THOMAS, SUPRA, 91 CAL. APP. 4th AT P. 223.) THE
9. USE OF THAT FACT BY THE THOMAS DECISION TO FIND THAT A
10. "PRIOR CONVICTION PLUS" DOES NOT FALL WITHIN THE AMBIT OF
11. APPRENDI AND IS LITTLE MORE THAN A READING OF JUDICIAL
12. TEA-LEAVES BASED ON DICTA.
13.    EVEN IF THE HOLDING IN ALMENDAREZ-TORRES IS NOT
14. RECOGNIZED AS DICTA BY THIS COURT, THE VITALITY OF THE
15. BROAD INTERPRETATION OF ALMENDAREZ-TORRES CLEARLY IS
16. CALLED INTO QUESTION BY THE REASONING OF SUBSEQUENT
17. CASES. ALMENDAREZ-TORRES FOUND SUPPORT FOR ITS HOLDING
18. BY REFERENCE TO WALTON V. ARIZONA (1990) 497 U.S. 639, 647-649
19. [110 S. Ct. 3047, 111 L. Ed. 2d. 511] ALMENDAREZ-TORRES, SUPRA, 523
20. U.S. AT P. 247), WHICH HAS SINCE BEEN OVERRULED IN LIGHT OF
21. APPRENDI. (RING, SUPRA, 536 U.S. AT 588-589). THUS, IT IS
22. HIGHLY ■■LIKELY THAT WHEN SQUARELY FACED WITH THE
23. QUESTION, THE UNITED STATES SUPREME COURT WILL HOLD
24. THAT ALMENDAREZ-TORRES DOES NOT SURVIVE APPRENDI,
25. BLAKELY, AND RING (SEE Id., AT PP. 588-589, 602-604, 609.)
26.    JUSTICE THOMAS' CONCURRING OPINION IN APPRENDI EX-
27. PLAINED AT LENGTH WHY THE DECISION IN ALMENDAREZ-TORRES
28. WAS WRONG. (Id., SUPRA, 530 U.S. AT PP. 501-523; SEE NEXT PAGE) ──→

✳ SUPPORTING FACTS CONTINUED ✳

1. SEE ALSO *ALMENDAREZ-TORRES*, SUPRA, 523 U.S. AT PP. 256-257,
2. 261 [SCALIA, J. DISSENTING.] *BLAKELY*, WHICH DID NOT IN-
3. VOLVE A RECIDIVIST STATUTE, MERELY FOLLOWED *APPRENDI*,
4. MAINTAINING THE EXCEPTION FOR PRIORS WITHOUT FURTHER
5. ANALYSIS. (*BLAKELY*, SUPRA, 540 U.S. AT [124 S. CT. AT 2536-2537;
6. 159 L. ED. 2d 403].) YET, THE *BLAKELY* DECISION REFLECTED THE
7. POSITION THAT ITS AUTHOR, JUSTICE SCALIA, HAD ARTIC-
8. ULATED SEVERAL TIMES IN CONCURRING AND DISSENTING
9. OPINIONS WHICH WOULD DISAPPROVE OF THE *ALMENDAREZ-TORRES*
10. HOLDING. (SEE e.g., *ALMENDAREZ-TORRES*, SUPRA, 523 U.S. AT PP.
11. 248-271 [DISSENTING]; *APPRENDI*, SUPRA, 530 U.S. AT PP. 488-499
12. [CONCURRING]; *JONES V. UNITED STATES* (1999) 526 U.S. 227, 253 [119
13. S. CT. 1215; 143 L. ED. 2d 311] [CONCURRING]; MAJORITY LIMITED
14. *ALMENDAREZ-TORRES* TO RECIDIVIST ISSUES AND DISTINGUISHED
15. IT AS A PLEADING CASE (Ed. AT 248-249].) SINCE *WINSHIP*,
16. WE HAVE MADE CLEAR BEYOND PREADVENTURE THAT *WINSHIP'S*
17. DUE PROCESS AND ASSOCIATED JURY PROTECTIONS EXTEND, TO SOME
18. DEGREE, TO DETERMINATIONS THAT GO NOT TO THE DEFENDANTS
19. GUILT OR INNOCENCE, BUT SIMPLY TO THE LENGTH OF HIS SEN-
20. TENCE. [CITATION] (*APPRENDI*, SUPRA, 530 U.S. AT P. 484 [CITING
21. SCALIA'S DISSENT IN *ALMENDAREZ-TORRES*].)
22.    MOREOVER, *ALMENDAREZ-TORRES* WAS BASED ON A DISTINCT-
23. ION BETWEEN "SENTENCING FACTORS" AND "ELEMENTS OF THE CRIME,"
24. THAT *APPRENDI* AND *BLAKELY* HAVE NOW SOUNDLY REJECTED [*APPRENDI*,
25. SUPRA, 530 U.S. AT 478, 484, 494; *BLAKELY*, SUPRA, 540 U.S. AT —
26. 124 S. CT. AT 2538-2540; 159 L. ED. 403].) THE SIMPLE RULE NOW
27. IS THAT ANY SIGNIFICANT INCREASE IN A STATUTORY MAXIMUM
28. SENTENCE OTHER THAN THAT DUE TO A PRIOR CONVICTION (SEE NEXT PAGE) →

※ SUPPORTING FACTS CONTINUED ※

1. TRIGGERS A CONSTITUTIONAL "ELEMENTS" REQUIREMENT (APPRENDI,
2. SUPRA, 530 U.S. AT 490; BLAKELY, SUPRA, 540 U.S. AT — 124 S.Ct.
3. AT 2537; 159 L. Ed. 2d 403.) IN THE CONTEXT OF MAKING
4. THE UPPER TERM AVAILABLE TO THE SENTENCING COURT IN-
5. STEAD OF THE PRESUMPTIVE MIDDLE TERM, THE FACT OF A
6. PRIOR CONVICTION IS NOT OPERATING AS A "SENTENCING FACTOR",
7. BUT IS INSTEAD OPERATING AS AN ELEMENTAL FACTOR THAT IS
8. CREATING THE DISCRETION OF THE TRIAL COURT TO IMPOSE
9. THE HIGHER SENTENCE (SEE RING, SUPRA, 536 U.S. AT P. 602.) AS
10. JUSTICE THOMAS STATED, "ESTABLISHING WHAT PUNISHMENT IS
11. AVAILABLE BY LAW AND SETTING A SPECIFIC PUNISHMENT
12. WITHIN THE BOUNDS THAT THE LAW HAS PRESCRIBED ARE TWO-
13. DIFFERENT THINGS". (APPRENDI, SUPRA, 530 U.S. AT P. 519, THOMAS,
14. J. CONCURRING.) JUSTICE THOMAS FURTHER EXPLAINED THAT SEN-
15. TENCING FACTORS WHICH MAY CONSTITUTIONALLY BE FOUND BY A
16. JUDGE WERE NOT THOSE THAT COULD "SWELL THE PENALTY." (Id.
17. AT 519.)
18.      PLAINTIFF SUBMITS THAT ANY AND ALL FACTS THAT IN-
19. CREASE THE PENALTY FOR A CRIME BEYOND THE PRESCRIBED ST-
20. ATUTORY MAXIMUM, INCLUDING RECIDIVISM BASED FACTS, MUST
21. BE SUBMITTED TO A JURY. TO THE EXTENT THAT THE DECISION
22. IN ALMENDAREZ-TORRES MAY SEEM TO COMPEL A DIFFERENT
23. CONCLUSION, THIS COURT SHOULD FIND THAT SUBSEQUENT DECISIONS
24. OF THE UNITED STATES SUPREME COURT HAVE EFFECTIVELY NULLIFIED
25. THE CONVENTIONAL VIEW OF ALMENDAREZ-TORRES REGARDING
26. THE NEED FOR JURY FACT-FINDING ON RECIDIVISM-BASED
27. FACTS.
28.      E. STANDARD OF REVIEW      -      (SEE NEXT PAGE) ⟶

✳ SUPPORTING FACTS CONTINUED ✳

1. THE DISPOSITION IN _BLAKELY_ WAS A REMAND TO THE

2. WASHINGTON APPELLATE COURT FOR PROCEEDINGS NOT INCONSIS-

3. TENT WITH THE _BLAKELY_ OPINION. (BLAKELY SUPRA, 540 U.S. AT

4. [124 S. Ct. AT 2543; 159 L. Ed. 2d 403].) THE OPINION DID NOT

5. ADDRESS WHETHER THE ERROR AUTOMATICALLY REQUIRED REVERSAL

6. OF THE SENTENCE OR WAS SUSCEPTIBLE TO HARMLESS ERROR

7. REVIEW. PETITIONER/PLAINTIFF SUBMITS THAT REVERSAL IS REQUIRED

8. UNDER EITHER STANDARD.

9. THE ERROR IS A STRUCTURAL DEFECT, NOT AMENABLE TO

10. HARMLESS ERROR REVIEW, BECAUSE THE WRONG ENTITY, THE

11. JUDGE RATHER THAN THE JURY, HAS ADJUDICATED THE AGGRAVATING

12. FACTOR AND HAS APPLIED THE WRONG STANDARD OF PROOF. A STR-

13. UCTURAL ERROR IS A "DEFECT AFFECTING THE FRAMEWORK WITHIN

14. WHICH THE TRIAL PROCEEDS, RATHER THAN SIMPLY AN ERROR

15. IN THE TRIAL PROCESS ITSELF." _ARIZONA V. FULMINANTE_ (1991)

16. 499 U.S. 279, 310, [111 S. Ct. 1246, 113 L. Ed. 2d 302]. DENIAL OF

17. THE RIGHT TO A JURY DETERMINATION CLEARLY IS A DEFECT

18. AFFECTING THE FRAMEWORK WITHIN WHICH THE TRIAL PROCEEDS.

19. HARMLESS ERROR ANALYSIS, UNDER _CHAPMAN V. CALIFORNIA_,

20. SUPRA, EXAMINES THE EFFECT OF A CONSTITUTIONAL ERROR

21. UPON THE GUILTY VERDICT IN THE CASE AT HAND (_SULLIVAN V._

22. _LOUISIANA_, SUPRA, 508 U.S. AT P. 279.) BECAUSE THE ERROR WITH

23. RESPECT TO THE REASONABLE DOUBT INSTRUCTION MEANT THAT THERE

24. HAS BEEN NO JURY VERDICT WITHIN THE MEANING OF THE

25. 6th AMENDMENT, THE ENTIRE PREMISE OF _CHAPMAN_ REVIEW

26. IS SIMPLY ABSENT (Id. AT P. 280.) IN THIS CASE, AS IN

27. _SULLIVAN_, THERE IS NO VERDICT BY JUDGE OR JURY BASED UPON

28. REASONABLE DOUBT. THERE IS NO OBJECT, (SEE NEXT PAGE) ⟶

\* SUPPORTING FACTS CONTINUED \*

1. SO TO SPEAK, UPON WHICH HARMLESS ERROR SCRUTINY CAN OPERATE
2. AND REVERSAL IS MANDATORY (Id.; SEE ALSO PEOPLE V. ORELLANO
3. (2000) 79 CAL. APP. 4th 179, 186 [SINCE WE HAVE NO WAY OF KNOWING
4. WHETHER THE JURY APPLIED THE CORRECT BURDEN OF PROOF, THE CON-
5. VICTIONS MUST BE REVERSED... SO THAT APPELLANT CAN BE RETRIED
6. BEFORE A PROPERLY INSTRUCTED JURY].) BECAUSE PLAINTIFF WAS
7. DENIED A JURY VERDICT ON AGGRAVATING FACTOR(S) THE ERROR IN
8. THIS MATTER IS STRUCTURAL AND AUTOMATICALLY REVERSABLE.
9.    EVEN IF THIS COURT SHOULD FIND THAT THE ERROR IS NOT
10. STRUCTURAL, REVERSAL STILL IS REQUIRED BECAUSE IT WAS NOT
11. HARMLESS. THE CALIFORNIA SUPREME COURT AND FEDERAL COURTS
12. HAVE HELD THAT CONVENTIONAL APPRENDI ERRORS ON ENHANCEMENTS
13. ARE SUBJECT TO THE CHAPMAN STANDARD. (PEOPLE V. SENGPADYCHITH
14. (2001) 26 CAL. 4th 316, 324; PEOPLE V. SCOTT (2001) 91 CAL. APP. 4th 1187,
15. 1209-1211; UNITED STATES V. GARCIA-GUIZAR (9th CIR. 2000) 234 F.
16. 3d 483, 488-489.) UNDER CHAPMAN, THE STATE MUST PROVE THAT THE
17. ERROR IS HARMLESS BEYOND A REASONABLE DOUBT. (CHAPMAN V. CALIFORNIA,
18. SUPRA, 386 U.S. AT P.24) BUT, IN THE CONTEXT OF AN ERROR AFFECTING
19. THE RIGHT TO A JURY TRIAL ON ELEMENTS OR ENHANCEMENTS, A
20. REVIEWING COURT CANNOT SIMPLY ASK WHETHER THERE WAS
21. OVERWHELMING EVIDENCE SUPPORTING THE FINDING IN QUESTION.
22. A FAR MORE RIGOROUS FORM OF CHAPMAN ANALYSIS, FOCUSING ON
23. WHAT FACTS THE FACT-FINDER NECESSARILY FOUND IN REACHING
24. A DECISION IS REQUIRED IN THIS CONTEXT. THE ERROR, IN
25. THIS CONTEXT, IS NOT HARMLESS IF THE OMITTED ELEMENT
26. IS SUSCEPTIBLE TO DISPUTE :

27.    IF, AT THE END OF THAT EXAMINATION, THE REVIEWING COURT
28. CANNOT CONCLUDE BEYOND A REASONABLE DOUBT   (SEE NEXT PAGE) →

✳ SUPPORTING FACTS CONTINUED ✳

1. THAT THE JURY VERDICT WOULD HAVE BEEN THE SAME ABSENT THE
2. ERROR, FOR EXAMPLE, WHERE THE DEFENDANT CONTESTED THE OMITTED
3. ELEMENT AND RAISED EVIDENCE SUFFICIENT TO SUPPORT A CONTRARY
4. FINDING IT SHOULD NOT FIND THE ERROR HARMLESS. (NEDER V.
5. UNITED STATES, SUPRA, 527 U.S. AT P. 19.)

6.    BLAKELY COMPELS THE CONCLUSION THAT CHAPMAN ANALYSIS IS
7. WHAT A REVIEWING COURT MUST APPLY, SHOULD IT DECIDE THAT THE
8. ERROR IS NOT STRUCTURAL, TO DETERMINE THE AFFECT OF THE
9. ERRONEOUS CONSIDERATION OF FACTS CONSIDERED IN VIOLATION OF
10. BLAKELY ON THE COURTS DETERMINATION OF SENTENCE. REVERSAL IS
11. REQUIRED, UNDER THE CHAPMAN STANDARD, IF THE REVIEWING COURT
12. CANNOT FIND BEYOND A REASONABLE DOUBT THAT THE ERROR, CONSID-
13. ERATION OF FACTS NOT FOUND BY A JURY, DID NOT CONTRIBUTE TO
14. THE COURTS DECISION.

15.

16.    PLAINTIFF WOULD LIKE TO SUBMIT REASONING WHY THE
17. LEGAL ISSUES IN THIS CASE ARE IMPORTANT ENOUGH TO DESERVE
18. REVIEW BY THE UNITED STATES DISTRICT COURT (NORTHERN DISTRICT):
19.    I. - THIS COURT SHOULD GRANT REVIEW OF THIS PETITION FOR
20. WRIT OF HABEAS CORPUS TO RESOLVE THE CONFLICT BETWEEN THE
21. OPINION OF THE SUPERIOR COURT OF CALIFORNIA (COUNTY OF SAN
22. FRANCISCO) IN THIS CASE WITH THE OPINION OF THE UNITED STATES
23. SUPREME COURT IN TEAGUE V. LANE, 489 U.S. 288 (1989). PLAINTIFF
24. WOULD SUBMIT THAT HE PREVIOUSLY FILED A PETITION FOR WRIT
25. OF HABEAS CORPUS RAISING THESE SAME ISSUES IN THE SUPREME
26. COURT OF CALIFORNIA AND RECEIVED A POSTCARD DENIAL WITH
27. NO OPINION FROM THAT COURT. (SEE ATTACHED EXHIBIT - H). PLAINTIFF
28. ALSO FILED A PETITION FOR WRIT OF HABEAS CORPUS RAISING THE →
NEXT PAGE

✳ SUPPORTING FACTS CONTINUED ✳

1. VIOLATION OF HIS 6th & 14th CONSTITUTIONAL AMENDMENTS IN
2. THE COURT OF APPEAL OF THE STATE OF CALIFORNIA (FIRST APP-
3. ELLATE DISTRICT – DIVISION TWO) AND RECEIVED A POSTCARD
4. DENIAL WITH NO OPINION (SEE ATTACHED EXHIBIT – G).
5.     A GRANT OF REVIEW IN THIS CASE IS NECESSARY TO
6. SECURE UNIFORMITY OF DECISION WITHIN THE MEANING OF RULE
7. 29 (b), BETWEEN THE OPINION IN THIS CASE BY THE SUPERIOR
8. COURT OF THE STATE OF CALIFORNIA FOR THE CITY & COUNTY OF SAN
9. FRANCISCO AND THE CONFLICTING OPINION OF THE UNITED STATES
10. SUPREME COURT IN TEAGUE V. LANE, 489 U.S. 2188 (1989).
11.     RESPONDENTS RELIANCE ON CONSIGLIO (2005) 128 CAL. APP. 4th
12. 511, 516 CLAIMING BLAKELY IS NOT RETROACTIVE (SEE ATTACHED
13. EXHIBIT-E) IS MISPLACED FOR TWO REASONS, FIRST, UNDER
14. THE TEAGUE DOCTRINE, ALTHOUGH AN "OLD RULE" APPLIES BOTH ON
15. DIRECT APPEAL AND ON HABEAS CORPUS, A "NEW RULE" WILL NOT
16. APPLY ON HABEAS CORPUS UNLESS IT IS SUCH A CONSTITUTIONAL
17. BLOCKBUSTER THAT IT AMOUNTS TO A "WATERSHED" CHANGE IN
18. CRIMINAL PROCEDURE, OR ALTERS THE COURTS UNDERSTANDING
19. OF THE "BEDROCK" ELEMENTS ESSENTIAL TO THE FAIRNESS OF THE
20. TRIAL. (HEREAFTER I REFER TO THIS AS THE "WATERSHED/BEDROCK"
21. TEST.)
22.     APPLYING TEAGUE'S RETROACTIVITY PRINCIPLES IN THE
23. CUNNINGHAM CONTEXT, PLAINTIFF CAN DEMONSTRATE BOTH THAT THE
24. CUNNINGHAM RULE IS NOT "NEW" AS TO HIS CASE AND THAT THE
25. RULE ANNOUNCED IN CUNNINGHAM QUALIFIES UNDER THE WATER-
26. SHED/BEDROCK TEST. BELOW PLAINTIFF WILL DISCUSS HOW
27. THESE REQUIREMENTS WERE MET IN REVERSE ORDER.
28.     WHETHER CUNNINGHAM SATISFIES THE   (SEE NEXT PAGE)→

* SUPPORTING FACTS CONTINUED *

1. WATERSHED/BEDROCK TEST: IN WHORTON V. BOCKTING, 127 S. Ct.
2. 1173 (2007), THE UNITED STATES SUPREME COURT EXPLAINED THAT FOR
3. A NEW RULE TO BE A "WATERSHED" RULE, IT HAD TO INVOLVE THE
4. "FUNDAMENTAL FAIRNESS OF AND ACCURACY OF THE CRIMINAL PRO-
5. CEEDING" BY PREVENTING "AN IMPERMISSIBLY LARGE RISK OF AN
6. INACCURATE CONVICTION." SIMILARLY, FOR A NEW RULE TO BE A
7. "BEDROCK" RULE IT HAD TO ALTER THE FUNDAMENTAL "ELEMENTS ESSEN-
8. TIAL TO THE FAIRNESS OF A PROCEEDING."

9.     THE UNITED STATES SUPREME COURT HAS YET TO ACTUALLY DECIDE
10. WHETHER THE RULE ANNOUNCED IN CUNNINGHAM SATISFIES THE
11. WATERSHED/BEDROCK TEST, IT IS PLAINTIFFS STANCE THAT
12. THE CUNNINGHAM RULE DOES IN FACT SATISFY THE WATERSHED/
13. BEDROCK TEST. THE CUNNINGHAM RULE INVOLVES THE FUNDAM-
14. ENTAL FAIRNESS OF AND ACCURACY OF A CRIMINAL PROCEEDING
15. BY PREVENTING AN IMPERMISSIBLY LARGE RISK OF AN IN-
16. ACCURATE CONVICTION. LIKEWISE, IT DOES ALTER THE FUNDAM-
17. ENTAL ~~CONSISTENT~~ ELEMENTS ESSENTIAL TO THE FAIRNESS OF A
18. PROCEEDING.

19.     FURTHERMORE, IN SCHRIRO V. SUMMERLIN, 542 U.S. 348
20. (2004), ALTHOUGH THE UNITED STATES SUPREME COURT HELD THAT THE
21. RING RULE-- WHICH REQUIRES AGGRAVATING CIRCUMSTANCES JUST-
22. IFYING A DEATH VERDICT TO BE DECIDED BY A JUDGE RATHER
23. THAN A JURY-- DOES NOT QUALIFY UNDER THE WATERSHED/BEDROCK
24. EXCEPTION; AND RING, LIKE BLAKELY, RELIES ON APPRENDI.
25. SCHRIRO DID NOT CONSIDER WHETHER THE DIFFERENCE IN THE
26. BURDEN OF PROOF BETWEEN THE PREPONDERANCE STANDARD (WHICH
27. THE JUDGE USES) AND THE BEYOND A REASONABLE DOUBT STANDARD
28. (WHICH THE JURY APPLIES) IS ENOUGH TO MAKE A (SEE NEXT PAGE)→

* SUPPORTING FACTS CONTINUED *

1. CRITICAL DIFFERENCE IN THE RETROACTIVITY ANALYSIS, AND THUS
2. FAR THE UNITED STATES SUPREME COURT HAS NOT ACTUALLY DE-
3. CIDED WHETHER BLAKELY MIGHT BE RETROACTIVE ON THIS BASIS.
4. CUNNINGHAM, LIKE BLAKELY, RELIES ON APPRENDI.

5.     THE UNITED STATES SUPREME COURT HAS YET TO DECIDE
6. WHETHER BLAKELY IS RETROACTIVE ON HABEAS CORPUS, IT IS
7. PLAINTIFFS STANCE THAT IF AND WHEN THE HIGH COURT DE-
8. CIDES THIS ISSUE THEY WILL FIND THAT THE BLAKELY RULE
9. SATISFIES THE WATERSHED/BEDROCK EXCEPTION TO TEAGUE.
10. THEREFORE, CUNNINGHAM IS RETROACTIVE BECAUSE BLAKELY SAT-
11. ISFIES THE WATERSHED/BEDROCK TEST.

12.     IF FOR SOME REASON THE COURT DISAGREES WITH PLAIN-
13. TIFFS STANCE PERTAINING TO WHETHER OR NOT BLAKELY IS
14. RETROACTIVE HE WOULD ALSO LIKE TO SUBMIT THE ARGUMENT
15. THAT, EVEN THOUGH CUNNINGHAM MAY NOT BE DEEMED RETROACTIVE
16. UNDER THE WATERSHED/BEDROCK EXCEPTION TO TEAGUE, TEAGUE IS
17. NOT APPLICABLE TO CUNNINGHAM CLAIMS MADE BY HABEAS COR-
18. PUS PETITIONERS WHOSE CONVICTIONS BECAME FINAL AFTER APP-
19. RENDI WAS DECIDED, BECAUSE APPRENDI "DICTATES" THE RULE THAT
20. WAS ANNOUNCED IN CUNNINGHAM (SEE e.g., PEOPLE V. ROSEN- CAL. APP.
21. 4th —, 2007 WL 900765 (3-27-07), V/1 [APPRENDI DICTATED THE
22. RESULT IN CUNNINGHAM]; SEE ALSO REED V. SCHRIRO, — F. SUPP.
23. 2d —, 2007 WL 521016 (D. ARIZ. 2-14-07)[KEY "FINALITY" DATE FOR
24. SUCCESSFULLY MAKING CUNNINGHAM CLAIMS IS DATE THAT
25. APPRENDI CAME DOWN].

26.     WHETHER CUNNINGHAM IS A 'NEW' RULE IN A GIVEN CASE:
27. TEAGUE ONLY PREVENTS A HABEAS CORPUS PETITIONER FROM RELYING
28. ON A 'NEW' CONSTITUTIONAL RULE, AND A RULE IS ONLY "NEW"(NEXT PAGE)➤

✶ SUPPORTING FACTS CONTINUED ✶

1. WHEN IT WAS DECLARED AFTER THE PETITIONERS CASE BECAME
2. FINAL ON DIRECT REVIEW. ACCORDINGLY, A RULE WHICH THE
3. PETITIONER SEEKS TO APPLY ON HABEAS CORPUS WILL NOT BE
4. DEEMED "NEW" — AND THEREFORE, WILL APPLY ON HABEAS CORPUS —
5. IF THE RULE WAS "DICTATED BY PRECEDENT" WHICH WAS IN
6. EXISTENCE BEFORE THE PRISONERS CONVICTION BECAME FINAL.
7.     APPLYING THIS PRINCIPLE IN THE CUNNINGHAM CONTEXT, BE-
8. CAUSE CUNNINGHAM IS A DIRECT RESULT OF THE RULE IN
9. BLAKELY, AND BLAKELY — WHICH ESTABLISHES THE CONSTITUTIONAL
10. BASIS FOR CUNNINGHAM — WAS GROUNDED ALMOST ENTIRELY ON
11. PRINCIPLES WHICH WERE ANNOUNCED FOR THE FIRST TIME IN
12. APPRENDI, RETROACTIVITY SHOULD NOT BE A PROBLEM FOR A
13. PRISONER BRINGING A CUNNINGHAM CLAIM, SO LONG AS THE
14. PRISONERS CASE BECAME FINAL AFTER THE DECISION IN
15. APPRENDI.

16.     THE KEY QUESTION WHICH ARISES IS WHETHER THE PRIS-
17. ONER'S CONVICTION BECAME FINAL BEFORE OR AFTER APPRENDI,
18. WHICH WAS ANNOUNCED ON JUNE 26th, 2000 (IN THIS CASE PLAIN-
19. TIFFS CONVICTION BECAME FINAL AFTER APPRENDI (SEE ATTACHED
20. EXHIBIT-C)). THERE ARE 2 REASONS WHY APPRENDI'S DATE IS
21. SO IMPORTANT.

22.     FIRST, ■ BLAKELY WHICH ESTABLISHES THE CONSTITUT-
23. IONAL BASIS FOR CUNNINGHAM — WAS GROUNDED ALMOST EN-
24. TIRELY ON PRINCIPLES WHICH WERE ANNOUNCED FOR THE FIRST
25. TIME IN APPRENDI. HENCE, A PRISONER WHOSE CASE BECAME
26. FINAL AFTER APPRENDI (6.26.00), BUT BEFORE BLAKELY (6.24.04) CAN
27. ARGUE THAT APPRENDI "DICTATED" THE RESULT IN CUNNINGHAM,
28. EVEN THOUGH BLAKELY WAS NOT DECIDED UNTIL (SEE NEXT PAGE) →

✳ SUPPORTING FACTS CONTINUED ✳

1. AFTER THE PRISONERS CONVICTION BECAME FINAL. (PLAINTIFFS
2. CASE BECAME FINAL AFTER APPRENDI BUT BEFORE BLAKELY). UN-
3. FORTUNATELY, COMMON SENSE SEEMS TO UNDERCUT THIS ARGUMENT,
4. BECAUSE APPRENDI USED THE PHRASE "STATUTORY MAXIMUM SENTENCE"
5. TO DEFINE THE UPPER LIMIT OF A PERMISSABLE SENTENCE UNDER
6. THE SIXTH AMENDMENT; AND CUNNINGHAM CLAIMS NECESSARILY
7. ATTACK THE HIGHEST OF THREE POSSIBLE SENTENCES, ALL OF
8. WHICH THE LEGISLATURE HAD AUTHORIZED. NEVERTHELESS, CON-
9. STITUTIONAL LAW TRUMPS COMMON SENSE IN THE COURTS, AND
10. IT WAS NOT UNTIL BLAKELY THAT THE UNITED STATES SUPREME
11. COURT PROVIDED A CONSTITUTIONAL EXPLANATION OF WHAT IT
12. HAD MEANT IN APPRENDI BY THE PHRASE "STATUTORY MAXIMUM
13. SENTENCE" IN APPRENDI, IT DID NOT MEAN THE MAXIMUM
14. THE LEGISLATURE HAD AUTHORIZED, BUT RATHER THE MAXIMUM
15. SENTENCE THAT CAN BE IMPOSED, BASED SOLELY ON THE JURY'S
16. FINDINGS. APPLYING THIS DEFINITION, A HIGH-END SENTENCE
17. BASED ON FACTS FOUND BY THE JUDGE ALONE DOES EXCEED THE
18. "STATUTORY MAXIMUM," BECAUSE THE MID-TERM SENTENCE IS THE
19. MOST THAT CAN BE IMPOSED WITHOUT SPECIAL FINDINGS (OR
20. AT LEAST IT WAS PRIOR TO THE NEW ANTI-CUNNINGHAM LEGIS-
21. LATION) AND IN THE TYPICAL CUNNINGHAM CASE, THE JURY NEVER
22. MADE THE FINDINGS NECESSARY TO INCREASE THE SENTENCE
23. FROM THE MID-TERM TO THE HIGH-TERM. INDEED THIS IS
24. PRECISELY THE ANALYSIS THE CUNNINGHAM COURT APPLIED IN
25. FINDING HIGH-END SENTENCES IMPOSED BY THE JUDGE TO
26. BE UNCONSTITUTIONAL, AT LEAST TO THE EXTENT THAT THEY
27. WERE BASED ON FACTS OTHER THAN PRIOR CRIMINAL HISTORY
28. (WHICH IS A PERMITTED JUDGE-MADE    (SEE NEXT PAGE) →

1. FINDING THAT DOES NOT IMPLICATE THE SIXTH AMENDMENT
2. PRINCIPLES ANNOUNCED IN _APPRENDI_ AND FURTHER EXPLAINED
3. IN _BLAKELY_. THUS, BECAUSE _CUNNINGHAM_ RELIES ON _BLAKELY_,
4. AND BECAUSE _BLAKELY_ APPLIES THE RULE ANNOUNCED IN _APPRENDI_,
5. A PRISONER WHOSE CONVICTION BECAME FINAL AFTER _APPRENDI_
6. BUT BEFORE _BLAKELY_ CAN STILL PERSUASIVELY ARGUE THAT
7. HIS _CUNNINGHAM_ CLAIM IS "DICTATED" BY _APPRENDI_, AND
8. THEREFORE CAN BE MADE ON HABEAS CORPUS WITHOUT VIOLATING
9. _TEAGUE'S_ PROHIBITION ON "NEW" RULES BEING APPLIED ON
10. HABEAS CORPUS.

11.    SECONDLY, THE ARGUMENT ADVANCED IN THE PREVIOUS PAR-
12. AGRAPH IS NOT ONLY SUPPORTED BY _BLAKELY'S_ RELIANCE ON
13. _APPRENDI_. AS SHOWN BELOW, THE _CUNNINGHAM_ OPINION IT-
14. SELF STATES IN NUMEROUS PLACES THAT THE GENESIS FOR
15. ITS DECISION IS THE RULE ANNOUNCED FOR THE FIRST TIME
16. IN _APPRENDI_:
17.  • IN DISCUSSING THE PREVIOUS CASES WHICH LED UP TO
18. _CUNNINGHAM_, THE COURT SAYS THAT IT HAS "REAFFIRMED
19. THE RULE OF _APPRENDI_."
20.  • IN SUMMARIZING THE HOLDING IN _BLAKELY_, THE _CUNN-_
21. _INGHAM_ COURT SAYS THAT IT IS "APPLYING THE RULE OF
22. _APPRENDI_."
23.  • IN DEFINING THE "STATUTORY MAXIMUM" FOR _CUNNINGHAM_
24. CLAIMS AS THE MIDDLE TERM, THE COURT SAYS: "OUR PRE-
25. CEDENTS MAKE CLEAR THAT THE STATUTORY MAXIMUM FOR
26. _APPRENDI_ PURPOSES IS THE MAXIMUM SENTENCE A JUDGE MAY
27. IMPOSE SOLELY ON THE BASIS OF THE FACTS REFLECTED IN THE
28. JURY VERDICT OR ADMITTED BY THE DEFENDANT. (SEE NEXT PAGE) ⟶

✱ SUPPORTING FACTS CONTINUED ✱

1. IN OTHER WORDS, THE RELEVANT STATUTORY MAXIMUM IS NOT
2. THE MAXIMUM SENTENCE THE JUDGE MAY IMPOSE AFTER FIND-
3. ING ADDITIONAL FACTS, BUT THE MAXIMUM HE MAY IMPOSE
4. WITHOUT ANY ADDITIONAL FINDINGS."
5.   · IN REVERSING THE CALIFORNIA CASE (PEOPLE V. BLACK)
6. THAT HAD UPHELD THE HIGH-TERM SENTENCE FOUND TO BE
7. UNCONSTITUTIONAL IN CUNNINGHAM, THE CUNNINGHAM COURT
8. STRESSED THAT THE DECISION IN BLACK WAS IN "TENSION
9. WITH THE RULE OF APPRENDI.", AND THAT THE BLACK DECISION
10. WAS WRONG BECAUSE IT ALLOWED THE JUDGE TO MAKE "THE VERY
11. INQUIRY APPRENDI'S "BRIGHT LINE RULE" WAS DESIGNED TO
12. EXCLUDE."
13.   · IN CONCLUDING ITS OPINION, THE CUNNINGHAM COURT HELD:
14. "TO SUMMARIZE: CONTRARY TO THE BLACK COURT'S HOLDING, OUR
15. DECISIONS FROM APPRENDI TO BOOKER POINT TO THE MIDDLE-TERM
16. SPECIFIED IN CALIFORNIA'S STATUTES, NOT THE UPPER TERM, AS
17. THE RELEVANT STATUTORY MAXIMUM."
18.   FOR THE FOREGOING REASONS, PLAINTIFF RESPECTFULLY URGES
19. THIS HONORABLE COURT TO GRANT REVIEW IN THIS MATTER.
20.        II.  ✱ LEGAL STANDARD ✱
21.   FEDERAL COURTS HAVE AN INDEPENDENT RESPONSIBILITY TO
22. INTERPRET FEDERAL LAW (WILLIAMS V. TAYLOR (2000) 529 U.S. 362
23. [120 S. CT. 1495; 146 L. Ed. 2d 389]) WHEN A STATE COURT DECISION
24. WAS CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION OF,
25. CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE UNITED
26. STATES SUPREME COURT OR WAS BASED ON AN UNREASONABLE APP-
27. LICATION OF THE FACTS IN LIGHT OF THE EVIDENCE.
28.   THE COURT SHOULD GRANT A REVIEW TO SETTLE (SEE NEXT PAGE)→

✳ SUPPORTING FACTS CONTINUED ✳

1.  THE IMPORTANT QUESTION WHETHER OR NOT THE PETITION
2.  FOR WRIT OF HABEAS CORPUS (WRIT NO. 5582) SHOULD HAVE
3.  BEEN DENIED BY THE LOWER COURT (SUPERIOR COURT OF THE
4.  STATE OF CALIFORNIA FOR THE CITY AND COUNTY OF SAN FRAN-
5.  CISCO) BECAUSE ONLY 2 YEARS OF PLAINTIFFS SENTENCE EN-
6.  HANCEMENTS WERE IMPOSED BECAUSE OF PRIOR CONVICTIONS
7.  (SEE ATTACHED EXHIBITS - 'D' AND 'E').

8.      THE LOWER COURT (SUPERIOR COURT OF THE STATE OF CALIF-
9.  ORNIA FOR THE CITY + COUNTY OF SAN FRANCISCO) IS CLAIMING
10. THAT BECAUSE "ONLY 2 YEARS" OF PLAINTIFFS SENTENCE IS
11. ILLEGAL, THE CUNNINGHAM RULING SHOULD NOT HELP OR
12. BENEFIT HIM. THIS REASONING BY THE LOWER COURT IS
13. NONSENSICAL TO PLAINTIFF, WHETHER IT BE 2 YEARS OR
14. 20 YEARS, IF CALIFORNIAS DETERMINATE SENTENCING LAW
15. (PRIOR TO THE MODIFICATIONS THAT WERE MADE IN APRIL OF
16. 2007) VIOLATED A DEFENDANTS RIGHT TO TRIAL BY JURY SAFE-
17. GUARDED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS
18. OF THE UNITED STATES CONSTITUTION, THAT DEFENDANT HAS THE
19. RIGHT TO HAVE HIS SENTENCE MODIFIED.

20.     FOR THE FOREGOING REASONS, PLAINTIFF RESPECTFULLY
21. URGES THIS HONORABLE COURT TO GRANT REVIEW IN THIS
22. MATTER.

23.     ON 5.1.07, PLAINTIFF APPLIED A PETITION FOR WRIT
24. OF HABEAS CORPUS TO THE LOWER COURT (SUPERIOR COURT OF
25. CALIFORNIA, COUNTY OF SAN FRANCISCO - WRIT NO, 5582) FOR
26. RELIEF. IN THE FIRST WEEK OF JULY 2007 PLAINTIFF
27. RECEIVED A RESPONSE FROM THE LOWER COURT IN THE FORM OF
28. A DENIAL. (SEE ATTACHED EXHIBIT - E).   (SEE NEXT PAGE) →

�torch SUPPORTING FACTS CONTINUED ✗

1. IN RESPONSE TO THE LOWER COURTS DENIAL, PLAINTIFF
2. WOULD LIKE TO STATE THAT BOTH REASONS USED TO DENY THE
3. PETITION FOR WRIT OF HABEAS CORPUS ARE ERRONEOUS AND IN
4. TENSION WITH THE RULINGS IN APPRENDI, BLAKELY, BOOKER,
5. AND CUNNINGHAM.

6.     THE 1ST REASON THE LOWER COURT USED FOR DENIAL, WAS
7. THAT, "IT IS WELL-SETTLED THAT THE RULE ANNOUNCED IN
8. BLAKELY IS NOT RETROACTIVE AND DOES NOT APPLY TO CASES
9. THAT WERE FINAL WHEN BLAKELY WAS ANNOUNCED. PLAINTIFF
10. SUBMITS IN RESPONSE THE FACT THAT THE UNITED STATES
11. SUPREME COURT HAS YET TO DECIDE WHETHER BLAKELY IS
12. RETROACTIVE ON HABEAS CORPUS. ALTHOUGH PLAINTIFFS CASE
13. WAS FINAL WHEN BLAKELY WAS ANNOUNCED, PLAINTIFFS CASE
14. BECAME FINAL AFTER APPRENDI (6.26.00), AND APPRENDI "DICTATED"
15. THE RESULT IN CUNNINGHAM, BLAKELY WHICH ESTABLISHES THE CON-
16. STITUTIONAL BASIS FOR CUNNINGHAM- WAS GROUNDED ALMOST ENTIRELY
17. ON PRINCIPLES WHICH WERE ANNOUNCED FOR THE 1ST TIME IN
18. APPRENDI. THUS, BECAUSE CUNNINGHAM RELIES ON BLAKELY, AND
19. BECAUSE BLAKELY APPLIES THE RULE ANNOUNCED IN APPRENDI, A
20. PRISONER WHOSE CONVICTION BECAME FINAL AFTER APPRENDI BUT
21. BEFORE BLAKELY CAN PERSUASIVELY ARGUE THAT HIS CUNNINGHAM
22. CLAIM IS DICTATED BY APPRENDI, AND THEREFORE CAN BE MADE
23. ON HABEAS CORPUS WITHOUT VIOLATING TEAGUE'S PROHIBITION
24. ON "NEW" RULES BEING APPLIED ON HABEAS CORPUS.

25.     THE SECOND REASON THE LOWER COURT USED FOR DENIAL
26. WAS THAT "PETITIONERS RELIANCE ON CUNNINGHAM IS UN-
27. AVAILING FOR AN ADDITIONAL REASON, BECAUSE ALL BUT 2·YEARS
28. OF PETITIONERS SENTENCE ENHANCEMENTS (SEE NEXT PAGE) ⟶

✳ SUPPORTING FACTS CONTINUED ✳

1. WERE IMPOSED BECAUSE OF PRIOR CONVICTIONS." PLAINTIFF
2. IS PROCEEDING IN PRO-PER AND ASSUMES HE MUST NOT
3. UNDERSTAND THIS POSITION THAT IS BEING TAKEN BY THE
4. LOWER COURT? IF PLAINTIFF IS CORRECT IN HIS UN-
5. DERSTANDING, THE LOWER COURT IS ATTEMPTING TO CLAIM
6. THAT DUE TO THE FACT THAT "ONLY 2-YEARS" OF PETITIONERS
7. SENTENCE IS ILLEGAL, THE CUNNINGHAM RULING SHOULD NOT
8. HELP OR BENEFIT HIM??? THIS REASONING FOR DENIAL
9. IS INANE AND PLAINTIFF WOULD HOPE THAT HE MIS-
10. UNDERSTANDS THE LOWER COURTS POSITION).
11.     ON JANUARY 22nd 2007, CALIFORNIAS SENTENCING LAW
12. (D.S.L.) WAS RULED UNCONSTITUTIONAL BY THE UNITED STATES
13. SUPREME COURT (SEE CUNNINGHAM V. CALIFORNIA ARGUED 10-11-06/
14. DECIDED 1-22-07). THE RULING STRUCK DOWN CALIFORNIA LAW THAT
15. EMPOWERED JUDGES TO DECIDE FACTS THAT INCREASE CRIMINAL
16. SENTENCES. FURTHERMORE, PLAINTIFFS SENTENCE WAS ENHANCED
17. DUE TO CALIFORNIA PENAL CODE 12022 (b) (1) AND PENAL CODE
18. 667 (b) (E). THE PENAL CODE PERMITS ELEVATION OF A SEN-
19. TENCE ABOVE THE UPPER TERM BASED ON SPECIFIED STATUTORY
20. ENHANCEMENTS RELATING TO THE DEFENDANTS CRIMINAL
21. HISTORY OR CIRCUMSTANCES OF THE CRIME (SEE e.g. PENAL
22. CODE 667 et. seq. (WEST SUPP. 2006); 12022 et. seq.), BUT A
23. FACT UNDER-LYING AN ENHANCEMENT CANNOT DO DOUBLE-DUTY:
24. IT CANNOT BE USED TO IMPOSE AN UPPER TERM SENTENCE
25. AND ON TOP OF THAT, AN ENHANCED TERM (SEE PENAL CODE 1170
26. (b)). IN PLAINTIFFS CASE, COUNT 001, THE UPPER TERM WAS
27. IMPOSED DUE TO FACTORS OF AGGRAVATION AND PLAINTIFFS SEN-
28. TENCE WAS ELEVATED DUE TO SPECIFIED STATUTORY (SEE NEXT PAGE) ⟶

※ SUPPORTING FACTS CONTINUED ※

1. ENHANCEMENTS (P.C. 12022 (b) (1) AND P.C. 667 (D) (E) RELATING
2. TO HIS CRIMINAL HISTORY AND CIRCUMSTANCES OF THE CASE.
3. THEREFORE, THE FACT(S) UNDERLYING THE ENHANCEMENT PULLED
4. DOUBLE-DUTY, THEY WERE USED TO IMPOSE AN UPPER TERM
5. SENTENCE AND AN ENHANCED TERM.
6.      FOR THE FOREGOING REASONS, PLAINTIFF RESPECTFULLY
7. URGES THIS HONORABLE COURT TO GRANT REVIEW IN THIS MATTER.
8.      THE CONSTITUTIONAL VIOLATIONS SET FORTH IN THIS
9. CLAIM MANDATE RELIEF FROM THE SENTENCE ON COUNT 001.
10. RELIEF IS REQUIRED WHEN THIS CLAIM IS CONSIDERED
11. TOGETHER WITH THE ADDITIONAL CONSTITUTIONAL ERRORS
12. OUTLINED IN THIS PETITION. THESE ERRORS MANDATE
13. RELIEF FROM MR. XAVIERS SENTENCE.
14.
15.               PRAYER FOR RELIEF
16.      WHEREFORE, PLAINTIFF GARY RAYMOND XAVIER RESPECTFULLY
17. REQUESTS THAT THIS COURT:
18. 1. ISSUE A WRIT OF HABEAS CORPUS TO HAVE MR. XAVIER
19. BROUGHT BEFORE THIS COURT TO THE END THAT HE MIGHT HAVE
20. HIS SENTENCE MODIFIED AND THAT HE MIGHT BE RELIEVED
21. OF HIS UNCONSTITUTIONAL SENTENCE.
22. 2. PERMIT MR. XAVIER, WHO IS INDIGENT, TO PROCEED
23. WITHOUT PREPAYMENT OF COSTS AND FEES AND GRANT HIS
24. AUTHORITY TO OBTAIN SUBPOENAS IN FORMA PAUPERIS
25. FOR WITNESSES AND DOCUMENTS NECESSARY TO PROVE THE
26. FACTS ALLEGED IN THIS PETITION.
27. 3. GRANT MR. XAVIER THE RIGHT TO CONDUCT DISCOVERY,
28. INCLUDING THE RIGHT TO TAKE DEPOSITIONS, (SEE NEXT PAGE)→

※ PRAYER FOR RELIEF CONTINUED ※

1. REQUEST ADMISSIONS, AND PROPOUND INTERROGATORIES, AS
2. WELL AS THE MEANS TO PRESERVE THE TESTIMONY OF WIT-
3. NESSES.

4. 4. PERMIT MR. XAVIER A REASONABLE OPPORTUNITY TO
5. SUPPLEMENT THIS PETITION TO INCLUDE CLAIMS WHICH
6. BECOME KNOWN AS A RESULT OF ONGOING INVESTIGATION AND
7. INFORMATION WHICH MAY HEREAFTER BECOME KNOWN.

8. 5. ORDER AND CONDUCT AN EVIDENTIARY HEARING AT WHICH
9. TIME PROOF MAY BE OFFERED CONCERNING EACH OF THE
10. ALLEGATIONS IN THE PETITION.

11. 6. AFTER FULL CONSIDERATION OF THE ISSUES RAISED IN THIS
12. PETITION, ORDER THAT MR. XAVIER BE GRANTED A SENTENCE
13. MODIFICATION FOR COUNT 001 OR BE RETRIED BY THE
14. SUPERIOR COURT OF THE STATE OF CALIFORNIA (COUNTY OF SAN
15. FRANCISCO) WITHIN NINETY (90) DAYS AFTER THE ISSUANCE
16. OF THE ORDER.

17. 7. GRANT MR. XAVIER SUCH FURTHER RELIEF AS IS APP-
18. ROPRIATE AND JUST IN THE INTERESTS OF JUSTICE.
19.

20.              RESPECTFULLY SUBMITTED,
21.
22. DATED: JUNE 19th, 2008      GARY RAYMOND XAVIER IN PRO-PER
23.
24.
25.
26.
27.
28.

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases: CUNNINGHAM V. CALIFORNIA (2007) SUPREME COURT OF THE UNITED

    STATES; BLAKELY V. WASHINGTON (2004) 540 U.S. -1154 S. Ct. 2531, 159 L.Ed.

4    2d 403; APPRENDI V. NEW JERSEY (2000) 530 U.S. 466; RING V. ARIZONA

    (2002) 536 U.S. 584, 592-593 AND n.1 122 S. Ct. 2428, 153 L.Ed. 2d. 556;

5    _____

6    _____

7    Do you have an attorney for this petition?           Yes____    No ✓

8    If you do, give the name and address of your attorney:

9        N/A

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on JUNE 19th, 2008                _____

                                            GARY R. XAVIER

14               Date                          Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

SALINAS VALLEY STATE PRISON

ABSTRACT OF JUDGMENT PRISON COMMITMENT - DETERMINATE
[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]

| | | | |
|---|---|---|---|
| **X** Superior | Superior Court of California, County of San Francisco<br>Branch or Judicial District: 38 | |  **FILED**<br>San Francisco County Superior Court<br><br>**JUN 1 1 2002**<br><br>**GORDON PARK-LI, Clerk**<br>BY: Esther Berick<br>Deputy Clerk |
| People of the State of California vs.<br>Defendant: GARY RAYMOND XAVIER | DOB: 01/01/1968<br>SCN: 00177095 | 01828383 - A | |
| AKA:<br>CII#: 10687743 | | - B | |
| Booking #: 494923 | ☐ **Not Present** | - C | |
| Commitment to State Prison<br>Abstract of Judgment | ☐ Amended<br>Abstract | - D | |

| | | | |
|---|---|---|---|
| Date of Hearing  06/11/2002 | Dept No. S23 | Judge PHILIP J. MOSCONE | |
| Clerk<br>ESTHER BERICK | Reporter<br>CYNTHIA MARCOPULOS#4749 | Probation No or Probation Officer<br>494923 | |
| Counsel for People<br>T. CULLINAN | | Counsel for Defendant<br>N. MARCOVECCHIO | ☐ Apptd |

**1. Defendant was convicted of the commision of the following felonies:**

Additional counts are listed on attachment
_____ (number of pages attached)

| Cnt | Code | Section No | Crime | Year Crime Committed | Date of Conviction (Mo/Day/Year) | Convicted By Jury | Court | Plea | Term (C,L,M,H) | Concurrent | Consecutive 1/2 Violent | Consecutive 1/3 Non-Violent | Consecutive Full Term | Incomplete Sentence (prior to item 5) | 654 Stay | Principal or Consec Time Imposed Yrs | Mos |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | PC | 212,5(C) | ROBBERY SECOND DEGREE | 1998 | 04/12/2002 | | | X | U | | | | | | | 5 | 0 |
| 004 | PC | 212,5(C) | ROBBERY SECOND DEGREE | 1999 | 04/12/2002 | | | X | M | | X | | | | | 1 | 0 |
| 005 | PC | 212,5(C) | ROBBERY SECOND DEGREE | 1999 | 04/12/2002 | | | X | M | | X | | | | | 1 | 0 |
| 006 | PC | 212,5(C) | ROBBERY SECOND DEGREE | 1999 | 04/12/2002 | | | X | M | | X | | | | | 1 | 0 |
| 007 | PC | 212,5(C) | ROBBERY SECOND DEGREE | 1999 | 04/12/2002 | | | X | M | | X | | | | | 1 | 0 |
| | | | | | | | | | | | | | | | | | |

**2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly 12022 series). List each count enhancement horizontally. Enter time imposed for each "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.**

| Cnt | Enhancement | Y/S | Enhancement | Y/S | Enhancement | Y/S | Enhancement | Y/S | Total | |
|---|---|---|---|---|---|---|---|---|---|---|
| 006 | PC12022(b)(1) | 1Y | | | | | | | 1Y | 0M |
| 007 | PC12022(b)(1) | 1Y | | | | | | | 1Y | 0M |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

**3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly PC 667 series). List all enhancements horizontally. Enter time imposed for each "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.**

| Enhancement | Y/S | Enhancement | Y/S | Enhancement | Y/S | Enhancement | Y/S | Total | |
|---|---|---|---|---|---|---|---|---|---|
| PC667(D)(E) | 5Y | PC667(D)(E) | 1Y | PC667(D)(E) | 1Y | PC667(D)(E) | 1Y | 8Y | 0M |
| PC667(D)(E) | 1Y | | | | | | | 1Y | 0M |
| | | | | | | | | | |

**4.** ☐   Defendant was sentenced pursuant to PC 667(b)-(i) or PC 1170.12 (two strikes).

**5. INCOMPLETED SENTENCE(S) CONSECUTIVE**

| County | Case Number |
|---|---|
| | |
| | |
| | |
| | |

| | | |
|---|---|---|
| **6. TOTAL TIME ON ATTACHED PAGES:** | 0Y | 0M |
| **7.** ☐   Additional indeterminate term (see CR-292) | | |
| **8. TOTAL TIME:** | 20Y | 0M |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate but must be referred to in this document.

THE ANNEXED INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE.<br>ATTEST: CERTIFIED<br>APR 0 5 2007<br>GORDON PARK-LI, Clerk<br>Superior Court of California/County of San Francisco

Form Adopted by the
Judicial Council of California
CR-290 [Rev. January 1, 1999]
Form Date (02/12/2002) Version 1.21.06y

**ABSTRACT OF JUDGMENT - PRISON COMMITMENT - DETERMINATE**
**[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]**

Print Date: 06/11/2002          Line# 401

Penal Code
§§ 1213, 1213.5

EXHIBIT - A

| People of the State of California vs. | | | |
|---|---|---|---|
| Defendant: GARY RAYMOND XAVIER | | | SCN# 00177095 |
| 01828383 - A | - B | - C | - D |

9. **FINANCIAL OBLIGATIONS** (including any applicable penalty assessments):

   a. RESTITUTION FINE of: $ 1000 per PC 1202.4(b) forthwith per PC 2085.5.

   b. RESTITUTION FINE of: $ 1000 per PC 1202.45 suspended unless parole is revoked.

   c. RESTITUTION FINE of: $ _____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund

     (*List victim(s) if known and amount breakdown in item 11, below.)

     (1) ☐ Amount to be determined.

     (2) ☐ Interest rate of: _____ % (not to exceed 10% per PC 1204.4(f)(3)(F).

   d. ☐ LAB FEE of: $ _____ for counts: _____ per H&SC 11372.5(a).

   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).   f. ☐ FINE of: $ _____ per PC 1202.5.

10. **TESTING:**

   ☐ AIDS pursuant to  ☐ PC 1202.1  ☐ other (specify):

   ☐ DNA pursuant to  ☐ PC 290.2  ☐ other (specify):

11. Other orders (specify):

12. Execution of sentence imposed

   a. ☒ at initial sentencing hearing.     d. ☐ at resentencing per recall of commitment. (PC 1170(d) )

   b. ☐ at resentencing per decision appeal.   e. ☐ other (specify):

   c. ☐ after revocation of probation.

13. CREDIT FOR TIME SERVED

| Case Number | Total Credits | Actual | Local Conduct | |
|---|---|---|---|---|
| 1828383   - A | 1886 | 1258 | 628 | ☐ 4019<br>☐ 2933.1 |
| - B | | | | ☐ 4019<br>☐ 2933.1 |
| - C | | | | ☐ 4019<br>☐ 2933.1 |
| - D | | | | ☐ 4019<br>☐ 2933.1 |
| Date Sentence Pronounced:<br>06/11/2002 | Served Time in State Institution:<br>   ☐ DMH  ☐ CDC  ☐ CRC | | | |

14. The defendant is remanded to the custody of the sheriff  ☒ forthwith  ☐ after 48 hours excluding Staurdays, Sundays, and holidays.

To be delivered to  ☒ the reception center designated by the director of the California Department of Corrections.

    ☐ other (specify):

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgement made in this action.

| Deputy's Signature<br>*Esther Berick* | Date<br>06-11-02 |
|---|---|

CR-290 [Rev. January 1, 1999]    **ABSTRACT OF JUDGEMENT-PRISON COMMITMENT-DETERMINATE**    Page Two

Form Date: (02/12/2002) Version 1.21.06y    Print Date: 06/11/2002    Line# 401

*EXHIBIT - B*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - MINUTES

People of the State of California  vs **GARY RAYMOND XAVIER**                [X] Present

| SC #<br>177095 | Assistant DA of Record<br>T. CULLINAN | [X] Present | Attorney of Record<br>N. MARCOVECCHIO | [X] Present |
|---|---|---|---|---|

| ☐ Interpeter Language | Clerk<br>ESTHER BERICK | Judge<br>PHILIP  J.  MOSCONE |
|---|---|---|

Reporter
CYNTHIA MARCOPULOS#4749-850 Bryant Street, Room 201-San Francisco-94103-4603

Cause on Calendar for  Sentence                                          Defendant Status:  XXXX

Court has appointed N. MARCOVECCHIO, private counsel.

Defendant waives formal arraignment for judgment, has been convicted of the crime(s) of felony by plea on 04/12/2002.

| Count | Code | Section | Degree | MC # | Plea | Finding |
|---|---|---|---|---|---|---|
| 001 | PC | 212,5(C)/F | | 01828383 | G | |
| 004 | PC | 212,5(C)/F | | 01828383 | G | |
| 005 | PC | 212,5(C)/F | | 01828383 | G | |
| 006 | PC | 212,5(C)/F | | 01828383 | G | |
| 007 | PC | 212,5(C)/F | | 01828383 | G | |

Count 001 on MC# 01828383, Principal Term.
The Court orders defendant committed to state prison as follows:
Defendant is sentenced to State Prison for a period of 5 Year(s), Upper Term.

| Count: 004 212,5(C)PC | 1 Year(s) 1/3 Mid-Term | on MC# 01828383 |
|---|---|---|
| Count: 005 212,5(C)PC | 1 Year(s) 1/3 Mid-Term | on MC# 01828383 |
| Count: 006 212,5(C)PC | 1 Year(s) 1/3 Mid-Term | on MC# 01828383 |
| Count: 007 212,5(C)PC | 1 Year(s) 1/3 Mid-Term | on MC# 01828383 |

**ENHANCEMENTS**

| Count 001, PC667(D)(E) | 5 Year(s) | Consecutive |
|---|---|---|
| Count 004, PC667(D)(E) | 1 Year(s) | Consecutive |
| Count 005, PC667(D)(E) | 1 Year(s) | Consecutive |
| Count 006, PC12022(b)(1) | 1 Year(s) | Consecutive |
| Count 006, PC667(D)(E) | 1 Year(s) | Consecutive |
| Count 007, PC12022(b)(1) | 1 Year(s) | Consecutive |
| Count 007, PC667(D)(E) | 1 Year(s) | Consecutive |

Total State Prison Term: 20 Year(s) 0 Month(s)

Defendant to receive 1258 days actual credit, 628 days SAGE, for a total 1886 days.

The Court states reason for sentence choice.

Defendant shall pay a restitution fine in the amount of $1000 pursuant to PC 1202.4. An additional restitution fine in the same amount is imposed pursuant to PC 1202.45. This additional restitution fine shall be suspended unless the person's parole is revoked.

Defendant is advised of parole rights.

The defendant is committed to the California Department of Correctio...

THE ANNEXED INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE. ATTEST: CERTIFIED

APR 0 5 2007

GORDON PARK-LI  Clerk
Superior Court of California, County of San Francisco
BY
DEPUTY CLERK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 1 3 2007

GORDON PARK-LI, Clerk
BY: _____ MARIA GONZALEZ
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

Department No. 22

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF ) | |
| ) | WRIT NO. 5582 |
| ) | |
| GARY RAYMOND XAVIER ) | ORDER |
| ) | |
| Petitioner, ) | |
| ) | |
| FOR A WRIT OF HABEAS CORPUS ) | |
| ) | |

On May 11, 2007, this Court received a writ of habeas corpus
from Petitioner Gary Raymond Xavier ("Petitioner"). On April 12,
2002, Petitioner pled guilty to four counts of second-degree
robbery under Penal Code section 212.5(c). On June 11, 2002, and
pursuant to his plea, Petitioner received a 20-year sentence. He
received a nine-year base term, two years for use of a deadly
weapon under Penal Code section 12022(b)(1) and nine years for
prior convictions pursuant to Penal Code section 667(d).

Petitioner now asks the Court to modify his sentence in
accordance with *Cunningham v. California* (Jan. 22, 2007) 127 S.Ct.
856, __ U.S. __. In *Apprendi v. New Jersey* (2000) 530 U.S. 466,
489-90, the Supreme Court held that any fact that increases the
penalty for a crime beyond the prescribed statutory maximum must be

1                                    *EXHIBIT: D*

1 submitted to a jury and proved beyond a reasonable doubt.  In
2 *Blakely v. Washington* (2004) 542 U.S. 296, 303, the Supreme Court
explained that "the statutory maximum for *Apprendi* purposes is the
3 maximum sentence a judge may impose solely on the basis of the
facts reflected in the jury verdict or admitted by the defendant."
4 (542 U.S. at 303.)  In *Cunningham*, the Supreme Court, citing
*Apprendi* and *Blakely,* held that California's Determinate Sentencing
5 Law violates a defendant's right to a jury trial to the extent it
permits a trial court to impose an upper term based on facts found
6 by the court rather than by a jury.

7     Petitioner's reliance on *Cunningham* is misplaced for two
reasons.  First, it is well-settled that the rule announced in
8 *Blakely* is not retroactive and does not apply to cases that were
final when *Blakely* was announced.  (*See In re Consiglio* (2005) 128
9 Cal.App.4th 511, 516.)  Petitioner was convicted and sentenced in
2002.  Because Petitioner's conviction became final before *Blakely*
10 and because the decision in *Cunningham* depended on the rule
announced in *Blakely,* this Court finds that *Cunningham* does not
11 apply retroactively to Petitioner's conviction.

12
     Petitioner's reliance on *Cunningham* is unavailing for an
13 additional reason, because all but two years of Petitioner's
sentence enhancements were imposed because of prior convictions.
14 In *Cunningham,* the United States Supreme Court explained that
California's Determinate Sentencing Law violates "a defendant's
15 right to trial by jury safeguarded by the Sixth and Fourteenth
Amendments" to the extent it allows a judge to impose an upper term
16 sentence "based on a fact, *other than a prior conviction*, not found
by a jury or admitted by the defendant."  (549 U.S. at 860,
17 emphasis added.)

18     For these reasons, Petitioner's writ of habeas corpus is
DENIED.
19
        6/15/07
20 _____          _____
   Date                        Judge of the Superior Court
21
                                    JAMES J. McBRIDE
22

23

24

25

                              2            *EXHIBIT E*

# IN THE SUPERIOR COURT
# OF THE CITY AND COUNTY OF SAN FRANCISCO

**NO: 5582**

## CERTIFICATION OF SERVICE BY MAIL

I, THE UNDERSIGNED, CERTIFY: THAT I AM A DEPUTY CLERK OF THE SUPERIOR
COURT IN THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA,
AND NOT A PARTY TO THE WITHIN CAUSE; THAT ON THIS DATE I SERVED A TRUE
COPY OF THE DOCUMENT AFFIXED HERETO BY DEPOSITING A COPY THEREOF,
ENCLOSED IN A SEPARATE ENVELOPE, POSTAGE PREPAID, IN THE UNITED
STATES MAIL, ADDRESSED TO THE PETITIONER AT THEIR ADDRESS AS SHOWN
ON THE DOCUMENT(S).

Writ Of Habeas Corpus # 5582

        Gary Raymond Xavier
        Petitioner

Gary Raymond Xavier J-20637
P.O. Box 3030
High Desert State Prison
Susanville, California 96127

EXECUTED AT SAN FRANCISCO, CALIFORNIA ON TUESDAY, July 5, 2007

BY _Maria S. Gonzalez_ DEPUTY CLERK, SUPERIOR COURT
    Maria S. Gonzalez

*EXHIBIT- F*

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

FILED
Court of Appeal First Appellate District

SEP 17 2007

Diana Herbert, Clerk
By_____Deputy Clerk

In re GARY RAYMOND XAVIER,

on Habeas Corpus.

A119067

(San Francisco County
Super. Ct. No. 5582)

BY THE COURT:

The petition for writ of habeas corpus/request for appointment of counsel is denied. (See *People v. Amons* (2005) 125 Cal.App.4th 855.)

Dated:    SEP 17 2007                    **KLINE, P. J.**    P.J.

1

*EXHIBIT* 6

**S157563**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re GARY RAYMOND XAVIER on Habeas Corpus

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

SUPREME COURT
**FILED**

APR 1 6 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**WERDEGAR**
_____
Acting Chief Justice

*EXHIBIT - H*

CV **08**   **3299** **MHP**

PROOF OF SERVICE BY MAIL   **(PR)**

1. 

2.    I, GARY RAYMOND XAVIER, DECLARE THAT I AM OVER

3. 18 YEARS OF AGE, AND A PARTY TO THE ATTACHED HEREIN

4. CAUSE OF ACTION, THAT I RESIDE AT SALINAS VALLEY

5. STATE PRISON IN THE COUNTY OF MONTEREY, CALIFORNIA.

6. MY MAILING ADDRESS IS: GARY R. XAVIER J-20637, P.O. BOX

7. 1050 / D9-118, SOLEDAD, CA. 93960-1050.

8.     ON JUNE 19ᵗʰ, 2008 I DELIVERED TO PRISON

9. OFFICIALS FOR MAILING, AT THE ABOVE ADDRESS, THE

10. ATTACHED; PETITION FOR WRIT OF HABEAS CORPUS, ALL ATT-

11. ACHED EXHIBITS AND REQUEST FOR APPOINTMENT OF COUNSEL

12. AND DECLARATION OF INDIGENCY IN SEALED ENVELOPE(S)

13. WITH POSTAGE FULLY PREPAID, ADDRESSED TO;

14. (1) UNITED STATES DISTRICT COURT

15.    NORTHERN DISTRICT OF CALIFORNIA

16.    450 GOLDEN GATE AVENUE

17.    BOX 36060

18.    SAN FRANCISCO, CA. 94102

19.

20.     I DECLARE UNDER PENALTY OF PERJURY THAT THE

21. FOREGOING IS TRUE AND CORRECT.

22.    EXECUTED THIS 19ᵗʰ DAY OF JUNE , 2008 AT SALINAS

23. VALLEY STATE PRISON, CALIFORNIA.

24.

25.

26.                          IN PRO-PER

27.

28.

UNITED STATES POS
$ 02
02.14
0004497458
MAILED FROM ZIP C

G. XAVIER J. 20637
SALINAS VALLEY STATE PRISON
P.O. BOX 1050 / D9-118
SOLEDAD, CA. 93960-1650

RECEIVED

JUL - 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

450 GOLDEN GATE AVENUE

BOX 36060

SAN FRANCISCO, CA. 94102



IIAM          LEGAL          CONTINUE INITHL

G. XAVIER J-20637
SALINAS VALLEY STATE PEN.
P.O. BOX 1050/D9-118
SOLEDAD, CA. 93960-1050

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
BOX 36060
SAN FRANCISCO, CA. 94102

5/9/08

5/9/08

CONFIDENTIAL LEGAL MAIL