United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAYMOND XAVIER, | No. C 08-3299 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MIKE EVANS, Warden, | |
| Respondent. | |

Gary Raymond Xavier, an inmate at Salinas Valley State Prison, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The lone claim in his petition is that his sentence is unconstitutional because the facts supporting his upper term sentence were not found by a jury to be proven beyond a reasonable doubt. That sentence was imposed in 2002 in the San Francisco County Superior Court. For the reasons discussed below, the petition will be summarily dismissed because the Apprendi line of cases does not apply retroactively.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause. Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968). The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90 (2000). The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). The Court reaffirmed this basic principle when it determined that the federal sentencing guidelines violated the Sixth Amendment because they imposed mandatory sentencing ranges based on factual findings made by the sentencing court. See United States v. Booker, 543 U.S. 220, 233-38 (2005). The sentencing guidelines were unconstitutional because they required the court to impose an enhanced sentence based on factual determinations not made by the jury beyond a reasonable doubt. Id. at 243-245.

In Cunningham v. California, 549 U.S. 270 (2007), the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence. Id. at 288-89. The sentencing court was directed under the DSL to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. Id. at 277. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the

1  California sentencing law violated the rule set out in Apprendi. Id. at 288-89, 293.  Although
2  the DSL gave judges broad discretion to identify aggravating factors, this discretion did not
3  make the upper term the statutory maximum because the jury verdict alone did not authorize
4  the sentence and judges did not have the discretion to choose the upper term unless it was
5  justified by additional facts.

6        In Teague v. Lane, the Supreme Court held that a federal court may not grant habeas
7  corpus relief to a prisoner based on a constitutional rule of criminal procedure announced
8  after his conviction and sentence became final unless the rule fits within one of two narrow
9  exceptions.  Teague v. Lane, 489 U.S. 288, 310-316 (1989).  Here, the date on which the
10 conviction and sentence became final was August 11, 2002, 60 days after the imposition of
11 sentence because that is the expiration of the period allowed for seeking direct review, and
12 Xavier did not appeal.  See former Cal. Rules of Court 30, 30.1.

13       Neither Blakely nor Cunningham was decided before Xavier's conviction became
14 final.  The Supreme Court has not made Blakely retroactive to cases on collateral review of
15 convictions that became final before Blakely was decided.  Schardt v. Payne, 414 F.3d 1025,
16 1036 (9th Cir. 2005).  In Schardt, the petitioner's conviction became final on December 22,
17 2000, after Apprendi was decided on June 26, 2000, but before Blakely was announced on
18 June 24, 2004.  Id. at 1034.  The Ninth Circuit found that although petitioner's sentence
19 violated the Sixth Amendment's right to a jury under Blakely, habeas relief was not available
20 because the Blakely decision announced a "new rule" that does not apply retroactively to
21 cases on collateral review.  Id. (citing Teague v. Lane, 489 U.S. 288, 301 (1989)).  Similarly,
22 Xavier's conviction became final in 2002, almost two years before Blakely was decided.
23 Thus, as in Schardt, Xavier is not entitled to relief on this claim because the rule in Blakely
24 does not apply retroactively to this case.  Cunningham, which was essentially a California-
25 specific application of Blakely, also has not been made retroactive to cases on collateral
26 review before Blakely was decided.  Cf. Butler v. Curry, 528 F.3d 624, 633-35, 639 (9th Cir.
27 2008) (application of Cunningham to petitioner whose conviction became final after Blakely
28 was not barred by Teague).  The fact that Apprendi was decided two years before Xavier's

3

conviction became final does not aid him because his claim must rely on <u>Blakely</u>, and that was not decided until after his conviction became final.

Here, the conviction in question became final before <u>Blakely</u> and <u>Cunningham</u> were decided. <u>Teague</u> prevents the retroactive application of those cases to Xavier's habeas petition. Accordingly, the petition for writ of habeas corpus is DISMISSED.

In light of the dismissal of this action, petitioner's motion for appointment of counsel is DENIED. (Docket # 3.)

Petitioner's <u>in forma pauperis</u> application is GRANTED. (Docket # 3.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: January 20, 2009

_____
Marilyn Hall Patel
United States District Judge

4